Kenneth A. Goldberg, Esq.
GOLDBERG & FLIEGEL LLP
488 Madison Avenue, Suite 1120
New York, New York 10022
(212) 983-1077
Attorneys For The Plaintiffs
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Ramon Morales and Tony A. Gerges,          :

                Plaintiffs,          :

              - against -          :

Fourth Avenue Bagel Boy, Inc. d/b/a Steve's   :
Bagels and Steven Natale,
                                         :

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Civil Action No. 18-3734**

**COMPLAINT**

## NATURE OF THE ACTION

1. This is a case about a bagel shop that: (a) regularly required hourly employees, including Plaintiffs Ramon Morales and Tony A. Gerges, to work 70 or more hours per week; (b) willfully and unlawfully failed to pay them overtime pay; and (c) willfully and unlawfully failed to provide them with statutorily-required wage statements.

2. The legal claims in this lawsuit include: (a) failure to pay wages/overtime pay, in violation of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law (the "Labor Law" or "NYLL") (Counts One and Two); (b) unjust enrichment under the common law (Count Three); and (c) failure to provide required wage statements in violation of the New York Wage Theft Prevention Act, codified within the Labor Law (the "Wage Theft Prevention Act") (Count Four).

## THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff Ramon Morales, referred to herein as "Mr. Morales," is an adult individual residing in Brooklyn, New York.

4. Plaintiff Tony A. Gerges, referred to herein as "Mr. Gerges," is an adult individual residing in Staten Island, New York.

5. Defendant Fourth Avenue Bagel Boy, Inc. d/b/a Steve's Bagels (the "Company") is a domestic business corporation incorporated under the laws of the State of New York, doing business in Brooklyn, New York, and having a principal place of business and/or address in Brooklyn, New York, specifically, at 6907 Fourth Avenue, Brooklyn, New York 11209.

6. The Company is a bagel shop that, at all relevant times, regularly (a) served customers seven days a week from about 5:30 a.m. to 8:00 p.m., (b) maintained a staff of at least nine or more employees, and (c) had employees working daily from at least 4:30 a.m. forward.

7. Upon information and belief, at all relevant times, Defendant Steven Natale ("Natale") was and is an adult male and an Officer and an owner of the Company, and upon information and belief, Natale resides in Brooklyn, New York.

8. Upon information and belief, at all relevant times, Natale: (a) actively controlled and managed the Company; (b) regulated the employment of persons employed by the Company; (c) acted directly and indirectly in the interest of the Company in relation to the Company's employees; (d) had the power to hire and fire employees; (e) supervised and controlled employee work schedules and/or conditions of employment; (f) determined the rate and method of payment for employees; (g) maintained Company employment records; (h) perpetrated, participated in

and/or directed the unlawful conduct alleged herein; and/or (i) was the alter ego of the Company and was an "employer" and a "joint employer" within the meaning of applicable law.

9. The Company and Natale are collectively referred to herein as "Defendants."

10. This Court has jurisdiction over Plaintiffs' claims pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1367(a), 2201, 2202.

11. Venue is proper in this district pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1391.

## EMPLOYMENT OF MR. MORALES

12. Mr. Morales was employed by Defendants for more than 10 years, until about mid-July 2016.

13. Mr. Morales was an hourly employee.

14. Mr. Morales was non-exempt within the meaning of the FLSA and Labor Law.

15. At the time of Mr. Morales's separation from the Company, and at all times relevant to this lawsuit, his hourly rate was at least $13 and his applicable overtime rate was at least $19.50.

16. Mr. Morales's regular workweek was seven days.

17. During Mr. Morales's employment, he regularly worked more than 40 compensable hours per workweek and therefore worked overtime, and Defendants knew that Mr. Morales regularly worked overtime and regularly worked at least 71 hours per week.

18. Mr. Morales regularly worked the following schedule:

| **Day:** | **Regular Schedule:** | **Hours Worked:** |
|---|---|---|
| Sunday | 4:30 a.m. to 10:30 a.m. | 6 hours |

| | | |
|---|---|---|
| Monday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Tuesday | 4:30 a.m. to 2:00 p.m. | 9.5 hours |
| Wednesday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Thursday | 4:30 a.m. to 2:00 p.m. | 9.5 hours |
| Friday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Saturday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |

19. Pursuant to the FLSA and Labor Law, Defendants were legally and statutorily required to pay Mr. Morales wages at the rate of one and one-half (1.5) times the required regular hourly rate ("overtime pay") for all time worked by him in excess of 40 hours per week.

20. Defendants knew or should have known that, pursuant to the FLSA and Labor Law, they were legally and statutorily required to pay Mr. Morales overtime pay for all compensable time worked by him in excess of 40 hours per week.

21. Mr. Morales regularly worked at least 31 hours per week of overtime and was entitled to be paid wages at the applicable overtime rate for all such overtime work.

22. Defendants unlawfully failed to pay Mr. Morales overtime pay for all time worked by him in excess of 40 hours per week, in violation of the FLSA and Labor Law.

23. Defendants' unlawful failure to pay Mr. Morales overtime pay was intentional and willful within the meaning of the FLSA and Labor Law.

## EMPLOYMENT OF MR. GERGES

24. Mr. Gerges was employed by Defendants for more than 10 years, until about the Fall of 2016.

25. Mr. Gerges was an hourly employee.

26. Mr. Gerges was non-exempt within the meaning of the FLSA and Labor Law.

27. At the time of Mr. Gerges' separation from the Company, and at all times relevant to this lawsuit, his hourly rate was at least $12 and his applicable overtime rate was at least $18.

28. Mr. Gerges' regular workweek was seven days.

29. During Mr. Gerges' employment, he regularly worked more than 40 compensable hours per workweek and therefore worked overtime, and Defendants knew that Mr. Gerges regularly worked overtime and regularly worked 79.5 hours per week.

30. Mr. Gerges regularly worked the following schedule:

| **Day:** | **Regular Schedule:** | **Hours Worked:** |
| --- | --- | --- |
| Sunday | 4:30 a.m. to 3:00 p.m. | 10.5 hours |
| Monday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Tuesday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Wednesday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Thursday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Friday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |
| Saturday | 4:30 a.m. to 4:00 p.m. | 11.5 hours |

31. Pursuant to the FLSA and Labor Law, Defendants were legally and statutorily required to pay Mr. Gerges wages at the rate of one and one-half (1.5) times the required regular hourly rate ("overtime pay") for all time worked by him in excess of 40 hours per week.

32. Defendants knew or should have known that, pursuant to the FLSA and Labor Law, they were legally and statutorily required to pay Mr. Gerges overtime pay for all compensable time worked by him in excess of 40 hours per week.

33. Mr. Gerges regularly worked at least 39.5 hours per week of overtime and was entitled to be paid wages at the applicable overtime rate for all such overtime work.

34. Defendants unlawfully failed to pay Mr. Gerges overtime pay for all time worked by him in excess of 40 hours per week, in violation of the FLSA and Labor Law.

35. Defendants' unlawful failure to pay Mr. Gerges overtime pay was intentional and willful within the meaning of the FLSA and Labor Law.

## DEFENDANTS FAILED TO PROVIDE WAGE NOTICES AND STATEMENTS

36. Defendants unlawfully failed to provide at any time to Plaintiffs the required statutory wage notice and statements, and/or failed to provide accurate statements, in violation of wage statement provisions of the Wage Theft Protection Act, codified at Labor Law § 195(3).

37. Pursuant to Labor Law § 195(3), every employer must "furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation...the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

38. Defendants failed to provide Plaintiffs with the statements required by Labor Law § 195(3).

39. Defendants' unlawful failure to provide Plaintiffs such statutory notices and wage statements under the Labor Law was intentional and willful.

40. Defendants knew or should have known that the Labor Law required them to provide such notices and statutory wage statements to Plaintiffs.

## SUMMARY

41. Defendants' conduct violated, among other items, the FLSA and the Labor Law (including the New York Wage Theft Prevention Act), and constituted unjust enrichment.

42. There is a sum accrued, due and owing by Defendants to each Plaintiff as and for unpaid wages/overtime pay, which amounts have never been paid by Defendants to each Plaintiff.

43. Plaintiffs have been damaged because of Defendants' unlawful conduct, and are entitled to a judgment against Defendants and an award of damages and other relief on their claims, in an amount to be determined, together with interest thereon.

44. Natale is liable as an "employer" of each Plaintiff and Defendants are jointly and severally liable to each Plaintiff on his claims.

## COUNT ONE

## (FLSA)

45. Plaintiffs repeat and reallege every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

46. During the relevant time period, each Plaintiff was an individual employed by Defendants and was an "employee" of Defendants within the meaning of the FLSA, *see, e.g.*, 29 U.S.C. §§ 203(e), 203(g).

47. Each Defendant during the relevant time period acted directly or indirectly in the interest of the Company in relation to each Plaintiff and was an "employer" within the meaning of the FLSA and was each Plaintiff's employer, *see, e.g.*, 29 U.S.C. § 203(d).

48. Each Plaintiff was engaged in commerce and/or Defendants were an enterprise engaged in commerce within the meaning of the FLSA.

49. The business activities of the Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA, *see, e.g.*, 29 U.S.C. § 203(r).

50. Defendants employ employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

51. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.

52. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, *see, e.g.*, 29 U.S.C. § 203(s)(l)(A).

53. Defendants failed to pay each Plaintiff wages/overtime pay, in violation of the FLSA and its supporting regulations, *see, e.g.*, 29 U.S.C. § 207.

54. Defendants' unlawful conduct and failure to pay each Plaintiff wages/overtime pay as alleged herein was willful within the meaning of the FLSA and in reckless disregard of the requirements of the FLSA, not in good faith, and lacking reasonable grounds for believing that its

or their acts or omissions were not in violation of the FLSA, *see, e.g.,* 29 U.S.C. §§ 216(b), 255(a), 260.

55. As a direct result of Defendants' unlawful conduct, including without limitation Defendants' violation of the FLSA and failure to pay each Plaintiff wages/overtime pay, each Plaintiff has suffered, and continues to suffer, substantial monetary damages, including without limitation damages for unpaid wages/overtime pay, lost interest, and attorneys' fees and costs.

56. As a direct result of Defendants' unlawful conduct, including without limitation Defendants' violation of the FLSA and failure to pay each Plaintiff unpaid wages/overtime pay, each Plaintiff is entitled to recover damages from Defendants under the FLSA, including without limitation damages for unpaid wages/overtime pay, lost interest, and attorneys' fees and costs, *see, e.g.*, 29 U.S.C. §§ 207, 216(b), 255(a).

57. Each Plaintiff is entitled to recover liquidated damages from Defendants in an amount equal to one-hundred percent (100%) of each Plaintiff's wages/overtime pay, under the FLSA, *see, e.g.*, 29 U.S.C. §§ 207, 216(b), 255(a), 260.

58. Each Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate each Plaintiff for Defendants' violation of the FLSA and failure to pay each Plaintiff wages/overtime pay, *see, e.g.,* 29 U.S.C. §§ 207, 216(b), 255(a).

59. Each Plaintiff is further entitled to recover attorneys' fees and costs, as against Defendants, *see, e.g.*, 29 U.S.C. §§ 207, 216(b), 255(a).

## COUNT TWO

### (New York Labor Law: Overtime Pay)

60. Plaintiffs repeat and reallege every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

61. At all relevant times, each Plaintiff was an "employee" of Defendants within the meaning of the Labor Law.

62. At all relevant times, each Defendant was an "employer" of Plaintiffs within the meaning of the Labor Law.

63. Each Plaintiff's compensation and benefits with Defendants were "wages" within the meaning of the Labor Law.

64. At all relevant times, each Plaintiff has been covered by the Labor Law and its supporting regulations, *see, e.g.,* § 650 *et seq.* and 12 N.Y.C.R.R. §§ 142, 146.

65. At all relevant times, the overtime provisions of the Labor Law and its supporting regulations applied to Defendants and protected Plaintiffs.

66. Defendants failed to pay each Plaintiff wages/overtime pay, in violation of the Labor Law and its supporting regulations.

67. Defendants have failed to pay each Plaintiff overtime wages for hours he worked in excess of 40 hours per week, in violation of the Labor Law and its supporting regulations.

68. Defendants have willfully and without a good faith basis violated the Labor Law and its supporting regulations.

69. Each Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate each

Plaintiff for Defendants' violation of the Labor Law and its supporting regulations and failure to pay each Plaintiff overtime wages.

70. Due to Defendants' violations of the Labor Law, and its supporting regulations, each Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of underpayment and nonpayment of overtime wages, costs, reasonable attorneys' fees (including fees for judgment enforcement), pre- and post-judgment interest, and liquidated damages.

### COUNT THREE

### (Unjust Enrichment)

71. Plaintiffs repeat and reallege every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

72. Defendants have been unjustly enriched and benefitted at each Plaintiff's expense by, among other items, failing to pay each Plaintiff wages/overtime pay for services rendered by each Plaintiff to Defendants.

73. The circumstances are such that equity and good conscience require Defendants to make full restitution to Plaintiffs.

74. By reason of the foregoing, each Plaintiff is entitled to a judgment against Defendants, in an amount to be determined, together with interest thereon, to compensate each Plaintiff for Defendants' unjust enrichment.

## COUNT FOUR

### (New York Labor Law: Violation of Wage Theft Prevention Act)

75. Plaintiffs repeat and reallege every allegation in all preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

76. Upon information and belief, from approximately April 9, 2011 forward, Defendants were required to provide proper notice and wage statements to each Plaintiff as required by the Labor Law, *see, e.g.*, N.Y. Lab. L. § 195.

77. Defendants violated Labor Law § 195(3).

78. Defendants' failure to comply with the requirements of Labor Law § 195 was willful and made without good faith.

79. Each Plaintiff can maintain a cause of action against Defendants, *see, e.g.*, N.Y. Lab. L. § 195(3); N.Y. Lab. L. § 198(1-d).

80. Due to Defendants' violations of the Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, including, among other items, statutory damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment in favor of each Plaintiff against Defendants, jointly and severally, on all Counts, including as follows:

A.  Award each Plaintiff as against Defendants damages under the FLSA, according to proof, representing unpaid wages, unpaid overtime pay and unpaid overtime wages, and other applicable statutory damages (*see, e.g.,* 29 U.S.C. §§ 206, 207, 216(b), 255(a), 260);

B.     Award each Plaintiff as against Defendants liquidated damages under the FLSA (*see, e.g.,* 29 U.S.C. §§ 206, 207, 216(b), 255(a), 260);

C.     Award each Plaintiff as against Defendants damages under the Labor Law, according to proof, representing unpaid wages, unpaid overtime pay and unpaid overtime wages, and other applicable statutory damages (*see, e.g.,* N.Y. Lab. L. §§ 198, 650 *et seq.*, 663 and 12 N.Y.C.R.R. §§ 142, 146);

D.     Award each Plaintiff as against Defendants liquidated damages under the Labor Law (*see, e.g.,* N.Y. Lab. L. §§ 198, 650 *et seq.*, 663 and 12 N.Y.C.R.R. §§ 142, 146);

E.     Award each Plaintiff as against Defendants damages, according to proof, based on unjust enrichment;

F.     Award each Plaintiff as against Defendants damages and other legal relief, according to proof, by virtue of Defendants' violation of the Labor Law and, specifically, the Wage Theft Prevention Act (*see, e.g.*, N.Y. Labor Law §§ 195, 195(3), 198, 198(1-d));

G.     Award each Plaintiff as against Defendants attorneys' fees under the FLSA and Labor Law (*see, e.g.,* 29 U.S.C. §§ 206, 207, 216(b), 255(a), 260; N.Y. Lab. L. §§ 198, 650 *et seq.*, 663 and 12 N.Y.C.R.R. §§ 142, 146);

H.     Award each Plaintiff as against Defendants the costs of the action incurred herein, including any expert fees;

I.     Award each Plaintiff as against Defendants pre-judgment and post-judgment interest;

J.     Award each Plaintiff as against Defendants a judgment that additionally provides, among other items, that if any amounts awarded under the Labor Law remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration

of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (*see* N.Y. Lab. L. § 663);

K. Grant each Plaintiff all other damages and legal relief provided by applicable law; and

L. Grant each Plaintiff such further legal relief as may be necessary and proper.

Dated: New York, New York
June 28, 2018

                                      GOLDBERG & FLIEGEL LLP

                                      /s/ Kenneth A. Goldberg

By: _____

                                      Kenneth A. Goldberg
                                      GOLDBERG & FLIEGEL LLP
                                      Attorneys for the Plaintiffs
                                      488 Madison Avenue, #1120
                                      New York, New York 10022
                                      (212) 983-1077