```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RAMON MORALES and                              :
TONY A. GERGES,                                :
                                               :
                      Plaintiffs,              :     REPORT AND RECOMMENDATION
                                               :
              - against -                      :     18 Civ. 3734 (DLI) (VMS)
                                               :
FOURTH AVENUE BAGEL BOY, INC.                  :
d/b/a STEVE'S BAGELS and                       :
STEVEN NATALE,                                 :
                                               :
                      Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Ramon Morales and Tony A. Gerges ("Plaintiffs") commenced this action against Defendants Fourth Avenue Bagel Boy, Inc. ("Corporate Defendant") and Steven Natale ("Individual Defendant") (together, "Defendants") seeking to hold Defendants jointly and severally liable to Plaintiffs for damages arising from violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). See ECF No. 1. Plaintiffs allege that Corporate Defendant and Individual Defendant, together, were "employers" of Plaintiffs and are responsible for Plaintiffs' unpaid wages. See id. After more than three months of Defendants failing to respond or participate in this action, attorney Anthony Albert Caronna, Esq. filed a notice of appearance on behalf of Defendants and filed an answer to Plaintiffs' complaint generally denying Plaintiffs' allegations. See ECF Nos. 17, 18.

On June 11, 2019, Mr. Caronna filed a motion to withdraw as attorney, stating that he had been discharged by Defendants. See ECF No. 27. This Court held a hearing and granted Mr. Caronna's motion to withdraw. See ECF No. 28. Defendants were given 30 days' leave to retain new counsel. See id. This Court advised that, if Defendants did not retain counsel,

1

Individual Defendant may proceed pro se. See id. This Court warned Defendants that Corporate Defendant may only participate in this action if represented by an attorney. See Dkt. Order 7/23/2019. No counsel having appeared, Plaintiffs were given leave to request a certificate of default against Corporate Defendant. See id. The Clerk of the Court entered a default against Corporate Defendant. See ECF No. 30.

Despite delays in the case caused by health issues of Individual Defendant and his family, see, e.g., Dkt. Re-Scheduling Order 5/18/2020, Individual Defendant is actively litigating this action. Individual Defendant has appeared for status conferences and is currently engaged in discovery. See, e.g., Dkt. Entry 7/16/2020; Dkt. Entry 9/16/2020; Dkt. Entry 11/4/2020; Dkt. Entry 1/4/2021. On the other hand, Mr. Caronna was not replaced, and Corporate Defendant has not participated in this action.

Plaintiffs moved for a default judgment against Corporate Defendant. See ECF No. 44. The motion is before this Court on referral from the Honorable Dora L. Irizarry. See Dkt. Entry 7/27/2020.

For the reasons stated below, this Court respectfully recommends that the motion for default judgment be denied without prejudice to renew upon the resolution of the merits of this case against Individual Defendant.

## I. ANALYSIS

Courts have often postponed default judgment motion practice where, although one or more defendants have defaulted, other defendants continued litigating. This approach is taken to avoid inconsistent judgments or waste of judicial resources in needing to recalculate damages.

For example, under Frow v. De La Vega, 82 U.S. 552 (1872), the court held that a decision on a default judgment motion in a multi-defendant case in which defendants were

2

alleged to be jointly liable should be postponed until the case against the non-defaulting party concludes. See Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019) (citing Frow, 82 U.S. at 554); Int'l Gemmological Inst., Inc. v. Rafaeil, No. 05 Civ. 2395 (JGK) (JCF), 2005 WL 3880222, at *2 (Aug. 17, 2005), R&R adopted, 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006) ("Frow has been interpreted to prohibit entry of a default judgment against one of several defendants where the theory of recovery is joint liability, such that no one defendant may be liable unless all defendants are liable"). Frow requires that, "if the litigating party loses, the default judgment [] be entered against the non-appearing party, and if the litigating party wins, the default judgment motion [] be denied." Lemache, 354 F. Supp. 3d at 152. The purpose of the postponing decision on the default judgment is to avoid the risk of inconsistent results: the defaulting party being held liable on default while the non-defaulting party ultimately being found not liable at the conclusion of the case. See id. The risk of inconsistent results is high where claims are premised on joint liability because joint liability "requires all defendants to be liable for any one of them to be liable," such that it is "impossible for one defendant to be liable unless all other defendants are also liable."[1] Id. at 152, 153; Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n.4 (2d Cir. 1976) ("Frow controls in situations where the liability of one defendant necessarily depends upon the liability of the others.").

---

[1] In a case where defendants are alleged to be jointly and severally liable, as in this FLSA/NYLL case, the risk of inconsistent results is less apparent. Claims premised on joint and several liability allow any defendant to be held liable to a plaintiff in either of two ways: (i) individually ("severally") liable premised on a defendant's own actions, regardless of whether any other defendant is liable; and (ii) jointly liable, premised on a defendant's actions in concert with other defendants. See Lemache, 354 F. Supp. 3d at 152. The theory of joint and several liability allows one defendant to be found liable while other defendants are found not liable, and such judgments are not inconsistent. See id. at 153. That is, Frow does not foreclose entering a default judgment against any defaulting defendants in a joint and several liability case. See, e.g., Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *6-7 (S.D.N.Y. Nov. 1, 2013) (deciding liability and damages as to one defaulting defendant).

In RSM Prod. Corp. v. Fridman, 643 F. Supp. 3d 382 (S.D.N.Y. 2009), Frow was extended in a joint and several liability case to avoid inconsistent results. The plaintiffs sued eight defendants asserting claims of tortious interference with contract, tortious interference with prospective business advantage, and civil conspiracy to commit tortious interference arising out of an alleged oil and natural gas exploration contract. See Fridman, 643 F. Supp. 3d at 389-90. Appearing defendants moved to dismiss while the plaintiffs applied for a default judgment against two non-appearing defendants. See id. The court granted the appearing defendants' motion to dismiss, and the court found that the plaintiffs failed to plead sufficient factual allegations to support any legally cognizable claim. See generally id. Upon concluding that the plaintiffs' complaint should be dismissed as against the appearing defendants without leave to replead, the court recognized that the plaintiffs' allegations against non-appearing defendants suffered from the same defects. The court held that entering default judgment against non-appearing defendants "would be inappropriate." See id. at 415. Indeed, in refraining from granting default judgment against non-appearing defendants and by allowing non-appearing defendants to benefit from arguments and proof raised by appearing defendants, the court avoided the type of inconsistent results admonished against in Frow.

In the present case, this Court similarly finds that it is appropriate to postpone decision on Plaintiff's motion against Corporate Defendant. Determining Plaintiffs' motion for default judgment at this stage of the litigation would pose a risk of inconsistent results. As an example, Corporate Defendant may be held liable under the FLSA based on Plaintiffs' allegations of enterprise liability, while Individual Defendant may not be held liable under the FLSA because the evidence does not establish FLSA coverage. Here, Plaintiffs allege a theory of joint and several liability on the basis that Corporate Defendant and Individual Defendant were joint

4

employers of Plaintiffs. In order to qualify for protections under the FLSA, Plaintiffs must demonstrate that they were "engaged in commerce or in the production of goods for commerce" or that Defendants were "enterprises engaged in commerce" during the relevant period. See 29 U.S.C. §§ 206(a), 207(a); Mahoney v. Amekk Corp., No. 14 Civ. 4131 (ENV) (VMS), 2016 WL 6585810, at *6 (Sept. 30, 2016), R&R adopted, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (setting forth the standard). To be "engaged in commerce," employees must perform work "involving or related to the movement of persons or things (whether tangibles or intangibles[] and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. The FLSA defines an "enterprise engaged in commerce" as having "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and having an "annual gross volume of sales made or business done . . . not less than $500,000." 29 U.S.C. § 203(s)(1)(A).[2] Here, Plaintiffs allege in their complaint that they were engaged in commerce, that Defendants were an enterprise engaged in commerce, that Defendants performed through unified operation or common control for a common business purpose, that the enterprise had an annual gross volume of sales in an amount not less than $500,000.00, and that employees handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce. See ECF No. 1 ¶¶ 48-52. On default, it is an open question whether such conclusory allegations would be sufficient to establish Plaintiffs' entitlement to protections under the FLSA. See, e.g.,

---

[2] "Unlike the FLSA, the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." Mahoney, 2016 WL 6585810, at *7 (citation & internal quotation marks omitted). The NYLL defines an "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." N.Y. Lab. Law § 190(3).

Jiao v. Shang Shang Qian Inc., No. 18 Civ. 5624 (ARR) (VMS), 2020 WL 6370148, at *9 (Aug. 11, 2020) (recommending denial of default judgment motion where the complaint contained only conclusory statements about interstate commerce), R&R adopted, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020); Payamps v. M & M Convenience Deli & Grocery Corp., No. 16 Civ. 4895 (LDH) (SJB), 2018 WL 3742696, at *5 (E.D.N.Y. May 18, 2018) (finding that "bare bones allegation[s]" about plaintiffs' activities were insufficient to establish that plaintiffs were "engaged in commerce"). Because only "well pleaded" allegations of the complaint are deemed admitted as to liability on default, the Court need not be limited to the face of the complaint when assessing the validity of Plaintiffs' factual allegations. Cf. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (noting that a court has discretion, even after default is determined, "to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"); Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) ("[T]he court has considerable latitude in deciding whether to require plaintiff to produce evidence in support of the claims before entering . . . a [default] judgment"). Although the Corporate Defendant has defaulted, Individual Defendant is actively litigating Plaintiffs' claims; during Court conferences, he has alleged facts to suggest that these FLSA requirements are not met (e.g., the bagel shop does not do $500,000 in business per year). If Individual Defendant proves that he is not an enterprise engaged in commerce, that the gross volume of sales was less than $500,000.00, or that the business did not involve interstate commerce, then Corporate Defendant may benefit from the same defenses.[3]

---

[3] This Court notes that Individual Defendant may be held liable under the FLSA as an employer under the Carter factors. See Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984) (outlining a multi-factor test grounded in "economic reality" for determining whether there is an employer-employee relationship between an individual defendant and an FLSA plaintiff). The Court would not have to determine Individual Defendant's individual liability if Plaintiffs fail

6

If the Court were to find FLSA liability against Corporate Defendant on the pleadings but find no such liability against Individual Defendant on the evidence, such a result would be more than a finding of "several liability," as contemplated by the FLSA. See, e.g., Salinas v. Starjem Rest. Corp., 123 F. Supp. 3d 442, 465, 478 (S.D.N.Y. 2015) (declining to hold an individual defendant liable under FLSA, even when the corporate employer was found liable, because the individual lacked operational control). It would give Plaintiffs the ability to rely on a technicality (the default of Corporate Defendant, which Individual Defendant claims is because of a lack of funds to retain an attorney) to achieve a result (default judgment against Corporate Defendant) that, as noted in Fridman, would be inappropriate. This Court believes the more prudent course is to avoid decision on Plaintiffs' default judgment motion to avoid the risk of inconsistent outcomes on the question of liability under the FLSA.

In addition to the need to avoid the risk of inconsistent liability results, this Court finds that other factors also weigh against deciding Plaintiffs' motion for default judgment. First, a decision on Plaintiffs' motion for default judgment would only be an administrative resolution against Corporate Defendant because it would not result in an enforceable judgment at this time. See Lemache, 354 F. Supp. 3d at 155 (noting that a decision on liability against defaulting defendants would only be a partial resolution of the pending motion and would not produce an enforceable judgment for plaintiff). This is because, in joint and several liability cases, the general rule is that the assessment of damages against default defendants should be postponed until disposition of the claims on the merits against non-defaulting defendants in order to avoid

---

to meet the burden of establishing that they were "engaged in commerce" or that Defendants were "enterprises engaged in commerce." See Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010) ("The employee bears the burden of establishing the jurisdictional prerequisite of either enterprise or individual coverage.") (citations omitted).

7

inconsistent damage determinations.  See, e.g., Coley v. Vannguard Urban Improvement Ass'n, No. 12 Civ. 5565 (PKC) (RER), 2016 WL 4179942, at *6 (E.D.N.Y. Aug. 5, 2016) (deferring assessment of damages against defaulting defendants in FLSA and NYLL case); Elsevier Inc. v. Memon, 97 F. Supp. 3d 21, 39 (E.D.N.Y. 2015) (withholding determination of damages on default judgment against defaulting defendants "because of the possibility of inconsistent rulings"); Clement v. United Homes, LLC, No. 10 Civ. 2122 (RRM), 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010) ("[W]here . . . an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after disposition of the claims against the non-defaulting defendants."); Viznai v. United Homes of N.Y., Inc., No. 07 Civ. 4173, 2009 WL 931178, at *1 (E.D.N.Y. Apr. 3, 2009) (withholding determination of damages after recognizing that courts have "consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations") (citations & internal quotation marks omitted).  Plaintiffs have the burden of proving, even on default judgment, their entitlement to unpaid overtime wages, liquidated damages and statutory damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.").  The present discovery going towards Plaintiffs' work schedule, Plaintiffs' hourly rate, or any sick days and vacation days will affect the calculation of damages.  If the evidence contradicts Plaintiffs' allegations that Mr. Morales is entitled to overtime damages of $604.50 per week

($19.50/hour * 31 hours/week) and that Mr. Gerges is entitled to overtime damages of $711.00 per week ($18.00/hour * 39.5 hours/week),[4] an award of different damages may result against Individual Defendant than against Corporate Defendant.[5]  Further, calculating damages twice would result in inefficiency and a waste of judicial resources.  Even if this Court were to decide Plaintiffs' motion for default judgment against Corporate Defendant as to liability, it would refrain from calculating damages in order to avoid the risk of awarding different damages.  As such, obtaining a default judgment against Corporate Defendant at this stage would not give Plaintiffs monetary leverage against Individual Defendant.[6]

Second, deferring a ruling on Plaintiffs' default judgment motion would not prejudice Plaintiffs.  Whether this Court finds liability against Corporate Defendant, Plaintiffs would still have to prove their liability claims against Individual Defendant.  See Lemache, 354 F. Supp. 3d at 155 (noting that plaintiff's factual allegations in the complaint would not be assumed true for purposes of litigation between plaintiff and appearing defendant).  Any resolution of the default judgment motion against Corporate Defendant would not have any law of the case, collateral estoppel, or res judicata, effect on Plaintiffs' case.  See id. (noting that a liability determination

---

[4] See ECF No. 1 ¶¶ 15-17, 27- 29.

[5] By defaulting, Corporate Defendant cannot contradict Plaintiffs' testimony regarding damages. See Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 389 (E.D.N.Y. 2007) ("[P]laintiff's estimates may constitute sufficient evidence and the employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records.") (citation & internal quotation marks omitted).

[6] Plaintiffs have previously filed four motions to strike.  See, e.g., ECF No. 22 (motion to strike answer for Defendants' alleged failure to engage in discovery); Dkt. Order 4/9/2019 (denying motion to strike); ECF No. 25 (motion to strike answer); Dkt. Order 6/20/2019 (denying motion to strike); ECF No. 32 (motion to strike answer); Dkt. Order 2/20/2020 (denying motion to strike); ECF No. 50 (motion to strike answer, currently being briefed).

on default "has no collateral estoppel or law of the case effect on the parties who are actually appearing").

This Court finds no advantage or purpose to resolving Plaintiffs' motion for default judgment against Corporate Defendant at this time. Certainly, no consideration outweighs the risk of inconsistent results that may arise from prematurely deciding the motion.

## II.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion for default judgment be denied without prejudice to renew upon the resolution of the merits of this case against Individual Defendant.

## III.   OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiffs' counsel and Individual Defendant Steven Natale via ECF. The Clerk of the Court is respectfully requested to mail a copy of this report and recommendation to Defendant Fourth Avenue Bagel Boy, Inc. c/o Steven Natale, 6907 4th Avenue, Apartment 2B, Brooklyn, New York 11209.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir.

2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
February 12, 2021

____*Vera M. Scanlon*____
VERA M. SCANLON
United States Magistrate Judge
