## GOLDBERG & FLIEGEL LLP
ATTORNEYS AT LAW
488 MADISON AVENUE, SUITE 1120
NEW YORK, NEW YORK 10022
www.goldbergfliegel.com
www.employmentlaw.nyc

| | |
|---|---|
| KENNETH A. GOLDBERG | TELEPHONE: (212) 983-1077 |
| MICHELE L. FLIEGEL | FACSIMILE: (212) 973-9577 |

July 16, 2021

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: **Morales et al. v. Fourth Avenue Bagel Boy, Inc. et al.**
     <u>**18 Civ. 3734 (DLI) (TAM)**</u>

Dear Judge Merkl:

  We represent the Plaintiffs in the above-referenced matter. Please accept this letter as Plaintiffs' status report regarding the above matter.

  Regarding the status of this action, Plaintiffs respectfully refer Your Honor to Plaintiffs' February 26, 2021 letter to the Court, Dkt. #58 (copy attached), requesting that the Court compel Defendant Natale to produce various information/documents. We await a ruling on the requests.

  We also note that the issue of settlement has previously been raised in this action. By this letter, we respectfully request a remote settlement conference with the Court. Today I received an e-mail from Defendant Natale indicating that he would participate in such a conference.

  Thank you for Your Honor's attention to this matter.

                Respectfully submitted,
                /s/ Kenneth A. Goldberg
                Kenneth A. Goldberg

**GOLDBERG & FLIEGEL LLP**
ATTORNEYS AT LAW
488 MADISON AVENUE, SUITE 1120
NEW YORK, NEW YORK 10022
www.goldbergfliegel.com
www.employmentlaw.nyc

KENNETH A. GOLDBERG　　　　　　　　　　　　　　　TELEPHONE: (212) 983-1077
MICHELE L. FLIEGEL　　　　　　　　　　　　　　　　　FACSIMILE: (212) 973-9577

February 26, 2021

Honorable Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District Of New York
225 Cadman Plaza East, 1214 South
Courtroom: 13A-South Wing
Brooklyn, New York 11201

　　　　Re:　**Morales et al. v. Fourth Avenue Bagel Boy, Inc. et al.**
　　　　　　**18 Civ. 3734 (DLI) (VMS)**

Dear Judge Scanlon:

　　　　We represent the Plaintiffs in the above-referenced matter. Please accept this letter as Plaintiffs' status report regarding discovery.

　　　　Since the most recent conference, Plaintiffs have continued to engage in discovery.

　　　　Plaintiffs provided Defendant Natale with bates stamped copies of: (1) tax return documents received from Defendant Natale; (2) tax return documents received from Defendant Natale's accountant; and (3) various other documents. Plaintiffs also provided Defendant Natale with a copy of banking records, received in electronic form, from Bank of America.

　　　　In addition, Plaintiffs also updated their witness list.

　　　　Plaintiff also wrote to Defendant Natale to follow-up on several discovery issues, and to request various materials discoverable under Fed. R. Civ. P. 26, but Defendant Natale has failed to provide the requested discovery. The items are particularly relevant because they relate to allegations that Defendant Natale has made in this litigation. Accordingly, Plaintiffs request either a conference to discuss several deficiencies in Defendants' discovery responses or leave to file a motion to compel discovery. Under the circumstances, Plaintiffs also request a brief extension of time to complete discovery. These items are outlined below.

　　　　As your Honor is aware, Defendant Natale has alleged that there is a new corporation with a new lease operating the store at 6907 Fourth Avenue, Brooklyn, NY 11209.

Based on Defendant's allegation, Plaintiffs requested that Defendant Natale: (1) identify the name of the new corporation, the owner/officers/directors of the new corporation, and all employees/staff of the new corporation; and (2) produce a copy of any new lease at that address.

The Court should compel Defendant Natale to disclose the information/documentation. Plaintiffs are entitled to all discovery as to whether Defendant Natale continues to operate the business and/or work on the premises of the business. According to Plaintiffs' process server, he visited Defendants' business on November 14, 2020. When the process server initially entered the store, a woman identified herself as Defendant Natale's daughter, confirmed that Defendant Natale owns the business, and said that he was in the back room. (ECF #50).

Plaintiffs have repeatedly attempted to serve a subpoena on the landlord of 6907 Fourth Avenue, Brooklyn, NY 11209, but the process server has not yet been able to complete service.

As Your Honor is aware, Defendant Natale has alleged a closure/dissolution of Defendant Fourth Avenue Bagel Boy. Based on Defendant's allegation, Plaintiffs requested that Defendant Natale produce copies of all correspondence/documents regarding same, including without limitation all correspondence/documents provided to or received from any government agency/authority. The Court should compel Defendant Natale to disclose the information/documentation. Plaintiffs are entitled to all discovery as to whether Defendant Natale continues to operate the business and/or work on the premises of the business. Defendant Natale cannot credibly argue that he "closed" or "dissolved" a business and at the same time allege that he lacks any documents/records/correspondence relating to same.

If Defendant Natale has changed the name of the corporate defendant and/or has transferred the business to a family member (such as his daughter), Plaintiffs are entitled to full discovery regarding such maneuvering, which discovery could lead to a motion to amend the complaint to add additional corporate/individual defendants.

As Your Honor is aware, Defendant Natale has alleged that he is receiving unemployment insurance benefits. Plaintiffs requested that Defendant Natale produce a copy of his application for such benefits, any decision of the NYS Department of Labor regarding his application, and all documents evidencing your receipt of such benefits. The Court should compel Defendant Natale to disclose the information/documentation. Plaintiffs are entitled to all discovery as to whether Defendant Natale continues to operate the business and/or work on the premises of the business.

Finally, Defendant Natale identified his brother as a witness and alleged that his brother resides in Sheepshead Bay. Plaintiffs request that the Court compel Defendant Natale to provide a specific address (and all other contact information) for the alleged witness.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,
/s/ Kenneth A. Goldberg
Kenneth A. Goldberg