**GOLDBERG & FLIEGEL LLP**
ATTORNEYS AT LAW
488 MADISON AVENUE, SUITE 1120
NEW YORK, NEW YORK 10022
www.goldbergfliegel.com

KENNETH A. GOLDBERG TELEPHONE: (212) 983-1077
MICHELE L. FLIEGEL FACSIMILE: (212) 973-9577

May 31, 2022

Honorable Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Morales et al. v. Fourth Avenue Bagel Boy, Inc. et al.
> 18 Civ. 3734 (DLI) (TAM)

Dear Judge Merkl:

 Please accept this letter as an application for an award of attorneys' fees and costs to my Firm, and as my Firm's position regarding the two motions referenced by the Court in its Minute Entry and Order of May 19, 2022.[1] In March 2022, the Court indicated that it intends to construe Defendant Natale's March 2022 filing (Dkt. #67) as two motions: (1) to approve a $1,000 settlement between Mr. Gerges and Mr. Natale and (2) to relieve my Firm of its representation of Mr. Gerges. *See* Order Referring To Magistrate Judge Parties' Request For Settlement Approval And Plaintiff's Request To Relieve Counsel, dated March 29, 2022.[2]

---

 [1] This letter is *not* submitted to set forth the position of Mr. Gerges. However, we note that during the May 19, 2022 in-person status conference, Mr. Goldberg requested an additional brief *ex parte* discussion with the Court regarding his communications with Mr. Gerges on May 18, 2022. We continue to believe that such an *ex parte* discussion, specifically a brief telephone call with the Court, would assist the Court in understanding the relevant circumstances including the circumstances relating to the non-appearance of Mr. Gerges for certain conferences.

 [2] The Court, in its Order, referenced Dkt. #65 and Dkt. #67. Dkt. #65 is a February 8, 2022 status report letter filed by my Firm. Dkt. #65 is *not* a motion for approval of a $1,000 settlement and it is *not* a motion to relieve my Firm as counsel for Mr. Gerges. Dkt. #67 is a March 2022 letter from Mr. Natale to the Court (with a purported letter by Mr. Gerges). Mr. Natale lacks standing to file a motion to relieve my Firm as counsel to Mr. Gerges. If this Court grants my Firm's application for attorneys' fees and costs, and after an amount is awarded and collected by my Firm, we anticipate moving to withdraw from the representation of Mr. Gerges.

We are submitting this letter *solely* to set forth my Firm's position regarding its application for attorneys' fees and costs and regarding Mr. Natale's motions. My Firm's application for attorneys' fees and costs is supported by various factors, including:

* \* Mr. Natale repeatedly violated this Court's January 25, 2022 Order, by having communications directly with Mr. Gerges while Mr. Gerges was a represented party. An award of attorneys' fees and costs to my Firm is warranted as a sanction against Defendants for Mr. Natale's wrongful conduct;

* \* Mr. Natale's alleged prior payment of $1,000 to Mr. Gerges does not meet the standards required to obtain judicial approval of an FLSA settlement. *See, e.g.*, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Rather, under the circumstances, the Court should deem Mr. Gerges to be the prevailing party in this litigation, thereby entitling my Firm to an award of attorneys' fees (and costs); and

* \* The Corporate Defendant continues to remain in default and Mr. Natale is the owner, President and alter ego of the Corporate Defendant. Under such circumstances, the Court should deem Mr. Gerges to be the prevailing party in this litigation due to the default of the Corporate Defendant, thereby entitling my Firm to an award of attorneys' fees and costs against the Corporate Defendant and its alter ego Defendant Mr. Natale.

## BACKGROUND FACTS

**A.  In 2018, Plaintiffs Filed This Lawsuit Seeking Hundreds Of Thousands Of Dollars**

In June 2018, Plaintiffs commenced this lawsuit raising legal claims against Defendants including: (a) failure to pay wages/overtime pay, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law; (b) unjust enrichment under the common law; and (c) failure to provide required wage statements in violation of the New York Wage Theft Prevention Act, codified within the Labor Law. (Dkt. #1). This Court repeatedly acknowledged that Plaintiffs' claims, as pleaded, sought hundreds of thousands of dollars in damages. Examples of the Court's statements are set forth below.

In September 2018, this Court stated that, "If Defendants do not participate in the lawsuit and Plaintiffs submit the necessary paperwork, the Court may award damages against Defendants in favor of Plaintiffs in the amount of several hundreds of thousands of dollars, for which both Defendants would be liable." (Scheduling Order, September 10, 2018). In March 2020, this Court stated that, "Plaintiffs commenced this lawsuit against Defendants Fourth Avenue Bagel Boy, Inc. and Steven Natale seeking money damages for hundreds of thousands of dollars to be awarded in favor of Plaintiffs on the basis that Defendants allegedly failed to pay Plaintiffs overtime wages and failed to provide wage statements." (Scheduling Order, March 5, 2020).

B.  **On January 25, 2022, Mr. Natale Offered A $10,000 Settlement To Mr. Gerges, Which He Accepted**

On January 25, 2022, Your Honor held a telephone conference and Mr. Natale conveyed a settlement offer of $10,000 to Mr. Gerges. In addition, the Court was advised that Mr. Natale had communicated directly with Mr. Gerges about this case. The Court *explicitly ordered* Mr. Natale not to have any direct communications with Plaintiffs about the lawsuit or any settlement. The Court stated, "As discussed on the record, Mr. Natale is reminded that he may not communicate about this case with the Plaintiffs, and instead must direct all communications to Mr. Goldberg." (Minute Entry and Order, January 25, 2022 ). After the January 25th conference, and at the direction of Mr. Gerges, we advised Mr. Natale that Mr. Gerges will accept Mr. Natale's $10,000 settlement offer. (Dkt. #65).

C.  **On February 7, 2022, My Firm Circulated A Draft Settlement Agreement To Mr. Natale And Mr. Gerges**

On February 7, 2022, I e-mailed a draft settlement agreement to Mr. Natale reflecting the $10,000 settlement. A copy was also sent to Mr. Gerges. Under the draft agreement, $5,000 of the $10,000 would be paid directly to Mr. Gerges, with the balance paid to my Firm as and for attorneys' fees and expense reimbursement under my Firm's retainer agreement with Mr. Gerges. My Firm's retainer agreement with Mr. Gerges provides for a contingency fee of 40% and expense reimbursement.[3] On a $10,000 settlement, my Firm's fee would be $4,000. Expenses in this case exceed $2,000. Since there are two Plaintiffs, the draft settlement agreement for Mr. Gerges allocated $1,000 towards expense reimbursement. Accordingly, the draft settlement agreement contemplated a $5,000 payment to Mr. Gerges and a $5,000 payment to my Firm.

D.  **On February 8, 2022, Mr. Gerges Advised My Firm That He Had Received $1,000 From Mr. Natale**

On February 8, 2022, I had a telephone conference with Mr. Gerges. As Mr. Natale stated on the record, he alleges that he communicated with Mr. Gerges after January 25th and paid him $1,000. On February 8th, we filed a status report letter. In that letter, we advised the Court, among other items, that "since January 25, 2022, Mr. Natale has apparently had direct communications with Mr. Gerges," as such conduct violated the Court's January 25th Order. (Dkt. #65). Mr. Natale received a copy of the status report letter via the ECF system.

On or about February 9, 2022, Mr. Natale mailed a note with the Court, in which he *admitted* that he received the February 7th draft settlement agreement and he *alleged* communications between himself and Mr. Gerges, subsequent to January 25th, regarding a substantially lower settlement amount of $1,000. (Dkt. #66).

---

[3]There is no percentage cap on awards of attorneys' fees to plaintiff's counsel in settling FLSA cases. *See, e.g.*, *Fisher v. SD Protection Inc.*, 948 F.3d 593(2d Cir. 2020).

**E.     On Or About March 21, 2022, Mr. Natale Mailed A Note To The Court *Alleging Additional Direct Communications* With Mr. Gerges**

On or about March 21, 2022, Mr. Natale mailed a subsequent letter with the Court, in which he *admitted* that he had *additional direct communications* with Mr. Gerges, subsequent to my Firm's February 8th status report to the Court.  Mr. Natale, in his March 21st letter, stated as to Mr. Gerges, that "He came to my house on Feb 16, 2022", "we have settle our differences for $1,000" and "I would like to ask the court to have him removed from this case."  (Dkt. #67 at 2). Even though the Court on January 25th explicitly ordered Mr. Natale *not* to have any direct communications with Mr. Gerges, Mr. Natale, according to his March 21st letter, *again* had direct communications with Mr. Gerges *in violation of the Court's January 25th Order.*

Mr. Natale, with his March 21st letter, submitted an alleged letter by Mr. Gerges, allegedly asking for $1,000 from Mr. Natale "as a settlement to end this case," asking "to be removed from this case," and also asking to relieve my Firm as Mr. Gerges' counsel.  (Dkt. #67 at 1 of 3).  That purported letter *was inconsistent* with:  (a) Mr. Gerges' prior instruction to my Firm to accept Mr. Natale's $10,000 settlement offer *and* (b) the February 7th draft settlement agreement, under which Mr. Gerges would receive $5,000 of the $10,000 settlement, an amount five times greater than the $1,000 allegedly paid by Mr. Natale to Mr. Gerges.

**F.     On March 29, 2022, The Court Noted That It Is "Rather Suspect" That Mr. Gerges Would Suddenly Prefer A $1,000 Settlement Rather Than A $10,000 Settlement**

On March 29, 2022, this Court issued an Order noting that it is "rather suspect" that Mr. Gerges, after accepting a $10,000 settlement offer through his counsel Mr. Goldberg, would then suddenly prefer to accept a significantly smaller settlement, of only $1,000, directly from Mr. Natale and terminate my Firm's representation of him.  The Court also noted that Mr. Natale had direct communications with Mr. Gerges, which contradicted the Court's January 25, 2022 Order. The Court stated, among other items, "As an initial matter, it was entirely inappropriate for Natale to meet a represented person on his own and without the other person's attorney being present."  (Order Referring To Magistrate Judge Parties' Request For Settlement Approval and Plaintiff's Request To Relieve Counsel, March 29, 2022).

**G.     April 8, 2022 Status Conference And Subsequent Conferences**

On April 8, 2022, the Court held a status conference.  At that time, the Court, with Mr. Natale's consent, held an *ex parte* discussion with Mr. Goldberg and became aware of various matters relevant to the "suspect turn of events" noted by the Court on March 29, 2022.  The Court issued an Order essentially acknowledging that Mr. Natale had violated its prior January 25th Order by having direct communications with Mr. Gerges:  "As an initial matter, and as stated on the record, Mr. Natale is again reminded that he MAY NOT communicate about this case in any way with the Plaintiffs, and instead must direct all communications to their counsel, Mr. Goldberg."  (Minute Entry and Order: An in-person Status Conference, April 8, 2022).  The

Court held subsequent conferences on April 28 and May 19, 2022.

# THE COURT, PURSUANT ITS AUTHORITY, SHOULD AWARD ATTORNEYS' FEES AND COSTS TO GOLDBERG & FLIEGEL LLP

Based on the foregoing circumstances, it is my Firm's position that the Court, pursuant to its authority, should award my Firm attorneys' fees and costs as against Defendants.

A. **An Award Of Attorneys' Fees And Costs To My Firm Is Warranted As A Sanction Against Defendants For Mr. Natale's Wrongful Conduct**

An award of attorneys' fees and costs to my Firm is warranted as a sanction against Defendants for Mr. Natale's wrongful conduct. The Court has the inherent authority to sanction Defendants because Mr. Natale repeatedly violated this Court's January 25, 2022 Order by having direct communications with Mr. Gerges while Mr. Gerges was a represented party. Mr. Natale's repeated violations of the Court's January 25th Order interfered with, among other items, the settlement process initiated on January 25th and subsequent proceedings in this matter.

The Court should impose sanctions against Defendants due to Mr. Natale's wrongful conduct and award attorneys' fees and costs to my Firm, in an amount to be determined, as my Firm had been representing Mr. Gerges in this litigation since 2018 and has spent a substantial amount of time working on this case. *See 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park & Confidence Mgmt. Sys.*, LLC, 809 F. App'x 44, 45 (2d Cir. 2020). *See generally* Fed. R. Civ. P. 11 and 37.

B. **Plaintiff Should Be Deemed The Prevailing Party Pursuant To The FLSA And NY State Labor Law And The Court Should Award My Firm Attorneys' Fees And Costs In This Matter In An Amount To Be Determined**

The FLSA and the NY State Labor Law both provide for an award of attorneys' fees to a plaintiff who prevails upon his claims. (Dkt. #1). *See, e.g.,* 29 U.S.C. §§ 206, 207, 216(b), 255(a), 260; N.Y. Lab. L. §§ 198, 650 *et seq.*, 663 and 12 N.Y.C.R.R. §§ 142, 146. Here, Mr. Natalie's payment to Mr. Gerges of $1,000 should be deemed by the Court, pursuant to its inherent authority, as a payment to Mr. Gerges as a prevailing party rather than as a settlement.

Mr. Natale's alleged prior payment of $1,000 to Mr. Gerges fails to meet the criteria for judicial approval of an FLSA settlement. This Court stated, "As a matter of public policy and as required under the Fair Labor Standards Act ("FLSA"), the Court must review all FLSA settlements to ensure a fair and just result for plaintiff workers. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)." (Order Referring To Magistrate Judge Parties' Request For Settlement Approval and Plaintiff's Request To Relieve Counsel, March 29, 2022). Various factors are considered in that analysis. *See, e.g., Fisher*, 948 F.3d at 600 (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Here, the standards for judicial approval under *Cheeks* have *not* been met, as shown by, among other items: (a) the Court's statements that Plaintiffs' range of possible recovery is hundreds of thousands of dollars; (b) Mr. Natale's violation of Court Orders by engaging in direct communications with Mr. Gerges; (c) the Court's statements in Orders and at conferences regarding Mr. Natale's alleged $1,000 payment to Mr. Gerges; (d) the lack of an executed settlement agreement; and (e) other related circumstances.

Under the circumstances of this case, we respectfully submit that the Court, pursuant to its inherent authority, should deem Mr. Gerges to be the prevailing party in this litigation, thereby entitling my Firm to an award of attorneys' fees and costs.

C. **Because The Corporate Defendant Remains In Default And Defendant Natale is the Corporate Defendant's Alter Ego, Plaintiff Should Also Be Deemed The Prevailing Party Pursuant to the FLSA and NY State Labor Law, And The Court Should Award My Firm Attorneys' Fees And Costs In An Amount To Be Determined**

Defendant, Fourth Avenue Bagel Boy, Inc. d/b/a Steve's Bagels, *remains in default*, with a motion for default judgment expected to be renewed at a later date. (*See* Dkt. #30; *see also* Order Adopting Report And Recommendations And Denying 44 Motion for Default Judgment, March 2, 2021). Defendant Natale owns and is President of the Corporate Defendant and is its alter ego. Accordingly, Mr. Gerges should be deemed the prevailing party as against both Defendants because any liability against the Corporate Defendant should run against Defendant Natale as well. For this reason as well, the Court should award my Firm attorneys' fees and costs in this matter, in an amount to be determined.

* * *

For the foregoing reasons, the Firm respectfully requests that the Court grant its application for attorneys' fees and costs, and if the Court grants this application, we respectfully request leave to file within 30 days a certification detailing the amounts sought.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,
/s/ Kenneth A. Goldberg
Kenneth A. Goldberg