UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
RAMON MORALES and TONY A.
GERGES,

                    Plaintiffs,

        -against-

FOURTH AVENUE BAGEL BOY, INC.,
d/b/a STEVE'S BAGELS, and STEVEN
NATALE,

                    Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
18-CV-3734 (DLI) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiffs Ramon Morales and Tony A. Gerges ("Plaintiffs") initiated this action

in June 2018 against Defendants Fourth Avenue Bagel Boy, Inc., doing business as

Steve's Bagels, and Steven Natale. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiffs

seek, among other things, damages for unpaid wages pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"),

Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* (*Id.*) Following a series of concerning

developments, including *pro se* Defendant Steven Natale's attempt to settle Plaintiff

Gerges's claims without court approval and for an amount lower than the one reported

by Plaintiffs' counsel, the Honorable Dora L. Irizarry referred this matter to the

undersigned for a report and recommendation. (*See* Pls.' Status Report and Notice of

Settlement ("Pls.' Notice"), ECF No. 65; Def.'s Notice of Settlement and Request to

Withdraw on Behalf of Plaintiff Gerges ("Mar. 23, 2022 Natale Letter"), ECF No. 67;

Mar. 29, 2022 ECF Referral Order.) For the reasons contained herein, the undersigned

respectfully recommends that the $1,000 sum Defendant Natale claims he paid to

Plaintiff Gerges not be approved as fair and reasonable, but that Plaintiff Gerges

nevertheless be dismissed from the case for the reasons set forth below, and that Plaintiffs' counsel be awarded attorneys' fees and costs in an amount to be determined. The undersigned Magistrate Judge also respectfully recommends that the District Court consider the imposition of a fine on Defendant Natale based on his misconduct in this case.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the history of the case and includes only the background relevant to the instant motion. This action commenced on June 28, 2018. (Compl., ECF No. 1.) On July 24, 2020, Plaintiffs moved for default judgment as to the corporate defendant, Fourth Avenue Bagel Boy, Inc. (Mot. for Default J., ECF No. 44.) On March 2, 2021, Judge Irizarry adopted the Honorable Vera M. Scanlon's report and recommendation and denied Plaintiffs' motion "without prejudice to renew upon the resolution of the merits of this case against Individual Defendant Steven Natale." (Mar. 2, 2021 ECF Order; *see also* Report and Recommendation, ECF No. 57.) In the meantime, Plaintiffs and Defendant Natale, acting *pro se*, continued litigating the case. (*See, e.g.*, July 16, 2021 Status Report, ECF No. 62.)

Following reassignment of the case to the undersigned Magistrate Judge, the Court held status conferences on July 29, 2021, and September 29, 2021, and referred the parties to the Eastern District's FLSA Mediation Panel.[1] (*See* July 29, 2021 ECF Minute Entry and Order; Sept. 29, 2021 ECF Minute Entry and Order; Sept. 29, 2021 ECF Mediation Referral.) After an unsuccessful mediation, the Court held a conference on January 25, 2022, during which Defendant Natale conveyed a settlement offer of $10,000

---

[1] The Court notes that Defendant Natale was represented by counsel for the mediation session only. (*See* Aug. 13, 2021 Notice of Appearance, ECF No. 63; Jan. 25, 2022 ECF Minute Entry and Order (granting defense counsel's motion to withdraw).)

to each Plaintiff, for a total settlement of $20,000. (Jan. 25, 2022 ECF Minute Entry and Order.) The undersigned directed Plaintiffs' counsel, Kenneth Goldberg, to convey Defendant Natale's offer to Plaintiffs and to report back to the Court by February 8, 2022. (*Id.*) Notably, in response to Mr. Goldberg's concern, which was expressed to the Court during the conference, that Defendant Natale had contacted Plaintiffs directly, the Court advised Mr. Natale that he could not communicate with Plaintiffs directly, and that the case could not be settled privately out of court. (*Id.*; *see also* Jan. 25, 2022 Tr., ECF No. 76, at 4:23–5:7, 7:5–8:8, 10:1–23, 14:15–24.)

Specifically, at the January 25, 2022 conference, the Court advised Mr. Natale multiple times that he was not permitted to contact Plaintiffs directly, including in the following exchange:

> THE COURT: But Mr. Natale, please understand that Mr. Goldberg represents those Plaintiffs. And in Court, anybody who's represented by counsel, you need to go through their counsel and not contact them directly, okay. So if there's anything you want to --
>
> MR. NATALE: Yes, ma'am.
>
> THE COURT: -- communicate to Mr. Goldberg's clients, you need to go through Mr. Goldberg.
>
> MR. NATALE: Yeah.
>
> . . . .
>
> THE COURT: But if you do have any inclination to talk about the case, Mr. Natale, you need to go through Mr. Goldberg, okay?

(Jan. 25, 2022 Tr., ECF No. 76, at 10:1–23.) The Court also advised Mr. Natale that he was not permitted to "harass" Plaintiffs into settling (*id.* at 7:5, 7:10), nor could he "pressure" them to settle (*id.* at 7:8, 7:21–22). The Court even cautioned Mr. Natale that contacting Plaintiffs could amount to witness tampering. (*Id.* at 8:4–11.)

In addition, the Court expressly told Mr. Natale that any settlement in the case was subject to approval by the Court, as follows:

> THE COURT: You know, I would note as well, Mr. Natale, that in these kinds of cases involving wage and hour claims like this, the ultimate approval of any settlement has to come to the Court. It's not something --
>
> MR. NATALE: I understand.
>
> THE COURT: -- the parties can privately settle. So I'm sure [then-defense counsel] has informed you of that . . . . So if Mr. Goldberg's clients are willing to accept your offer, there will need to be a settlement agreement drafted.

(*Id.* at 14:15–24.)

Thereafter, on February 8, 2022, Plaintiffs' counsel wrote to the Court to advise that Plaintiff Morales rejected Defendant Natale's offer, but that Plaintiff Gerges "will accept Mr. Natale's $10,000 settlement offer." (Pls.' Notice, ECF No. 65.) Mr. Goldberg also stated, however, that "Mr. Natale . . . apparently had direct communications with Mr. Gerges regarding a substantially lower settlement amount, without [counsel's] knowledge, until after the fact." (*Id.*) A few days later, on February 17, 2022, the Court received a letter from Mr. Natale stating that Plaintiff Gerges "wants to drop the case and . . . settle for [$1,000.]" (Feb. 17, 2022 Natale Letter, ECF No. 66.)

On March 21, 2022, Defendant Natale then submitted two letters to the Court requesting that Mr. Gerges be removed from the case: one from himself and one allegedly from Plaintiff Gerges to Plaintiffs' counsel dated February 16, 2022. (Mar. 23, 2022 Natale Letter, ECF No. 67, at 1, 2.) As part of Mr. Gerges's supposed letter, which was notarized, Plaintiff Gerges asked for $1,000 from Defendant Natale "as a settlement to end this case so [he] could have some type of closure on this and go on with [his] life and move forward." (*Id.* at 1.) In his own letter, Mr. Natale separately asked the Court

to remove Plaintiff Gerges from the case because the two had settled their dispute after Plaintiff Gerges went to Defendant Natale's house. (*Id.* at 2.)

Observing this "rather suspect turn of events," Judge Irizarry construed the parties' February 8 and March 21 submissions as "a motion for settlement approval and motion to relieve counsel," respectively, and referred them to the undersigned Magistrate Judge "to evaluate the fairness of the proposed settlement" and to issue a report and recommendation. (Mar. 29, 2022 ECF Referral Order (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)).) In addition, Judge Irizarry expressly put the parties "on notice that they may NOT, in any way, distribute the proceeds from any settlement or execute the terms of any settlement until it has been reviewed . . . and approved by the magistrate judge and the undersigned district judge." (*Id.*) Judge Irizarry explicitly warned the parties that "[f]ailure to comply with this order may result in the imposition of sanctions, including a finding of contempt and imposition of fines." (*Id.*)

On April 8, 2022, the undersigned held an in-person status conference and discussed the parties' filings. (Apr. 8, 2022 ECF Minute Entry and Order.) During the conference, Defendant Natale represented to the Court that he had already paid Plaintiff Gerges $1,000 to settle the case. (Apr. 8, 2022 Tr., ECF No. 70, at 16:17–19.) The Court once again reminded Defendant Natale that "he MAY NOT communicate about this case in any way with the Plaintiffs, and instead must direct all communications to their counsel, Mr. Goldberg." (Apr. 8, 2022 ECF Minute Entry and Order; *see also* Apr. 8, 2022 Tr., ECF No. 70, at 2:21–25.) At Mr. Goldberg's request, the Court held a brief *ex parte* conversation with Plaintiffs' counsel, during which counsel indicated that Plaintiff Gerges had represented to him, in substance, that he was not willing to continue participating in the case. (*See* Apr. 8, 2022 Tr., ECF No. 70, at 4:14–16.) In addition, the

Court reiterated that the parties "may not, in any way, distribute the proceeds from any settlement or execute the terms of any settlement until it has been reviewed" by the Court. (Apr. 8, 2022 ECF Minute Entry and Order; Apr. 8, 2022 Tr., ECF No. 70, at 15:10–16:25.) Further, given Defendant Natale's direct contact with Plaintiff Gerges, and the Court's concerns that Mr. Gerges may have been pressured or intimidated by Defendant Natale to settle the lawsuit, the Court scheduled a follow-up conference on April 28, 2022, and ordered Plaintiff Gerges to personally appear together with his lawyer. (Apr. 8, 2022 ECF Minute Entry and Order; *see also* Apr. 8, 2022 Tr., ECF No. 70, at 5:24–6:20.)

Plaintiff Gerges failed to attend the April 28, 2022 conference, in violation of the Court's order and notwithstanding Plaintiffs' counsel's representation that he served Mr. Gerges with notice of the conference. (Apr. 28, 2022 ECF Minute Entry and Order; Apr. 28, 2022 Tr., ECF No. 72, at 2:12–3:16.) During the conference, Defendant Natale admitted that he had spoken directly with Plaintiff Gerges, but insisted that Mr. Gerges initiated the contact. (Apr. 28, 2022 Tr., ECF No. 72, at 7:21–25, 20:25–21:11.) Additionally, Mr. Natale once again offered a $20,000 total settlement ($10,000 to each Plaintiff), and Mr. Goldberg indicated that Plaintiff Morales would still decline that proposal. (*Id.* at 11:12–12:3; Apr. 28, 2022 ECF Minute Entry and Order.) Defendant Natale also asked that the Court dismiss the case. (Apr. 28, 2022 Tr., ECF No. 72, at 7:25–8:1 ("Dismiss this case, please.").) The Court scheduled a follow-up in-person conference on May 19, 2022, and issued a written order advising Plaintiff Gerges that his failure to personally appear at the next conference could lead to dismissal of his claims. (Apr. 28, 2022 ECF Minute Entry and Order; Apr. 28, 2022 Order, ECF No. 71.)

On May 19, 2022, Plaintiff Gerges failed to attend the scheduled court conference for a second consecutive time, despite the Court's order expressly directing him to

appear, and Plaintiffs' counsel's representation that he served Plaintiff Gerges with notice of the conference and that Mr. Gerges was in fact on notice. (May 19, 2022 ECF Minute Entry and Order; May 19, 2022 Tr., ECF No. 74, at 3:7–12 (confirming that Mr. Goldberg spoke with Plaintiff Gerges the day before the conference).) Prior to the conference, a member of the Court's staff also attempted to call Plaintiff Gerges to extend to him the option of appearing telephonically for the proceeding, and reached an individual appearing to be Mr. Gerges, who affirmatively stated, in substance, that he did not want to be involved in the case. (*See* May 19, 2022 Tr., ECF No. 74, at 4:9–18.) At the conference, Defendant Natale re-confirmed that he previously paid Plaintiff Gerges $1,000, and again asked that the case be dismissed. (*Id.* at 4:19–22, 7:3–4 ("I'm hoping that it gets dismissed, that at least [Plaintiff Gerges] gets dismissed").)[2]

On May 31, 2022, Mr. Goldberg filed a letter application on behalf of his law firm, Goldberg & Fliegel LLP, for an award of attorneys' fees and costs. (Fee Letter, ECF No. 75.) Mr. Goldberg argues that "[a]n award of attorneys' fees and costs . . . is warranted as a sanction against Defendants for Mr. Natale's wrongful conduct." (*Id.* at 2, 5.) More specifically, Mr. Goldberg contends that the Court "should deem Mr. Gerges to be the prevailing party in this litigation, thereby entitling [counsel's] Firm to an award of attorneys' fees and costs" in an amount to be determined by the Court. (*Id.* at 6.)

---

[2] During the conference, Defendant Natale also increased his previous settlement offer to Plaintiff Morales to $12,000, which Plaintiffs' counsel agreed to convey to Plaintiff Morales. (May 19, 2022 ECF Minute Entry and Order.) In addition, the Court directed Plaintiff Morales and Defendant Natale to certify the close of discovery by July 13, 2022, and to file a joint proposed pretrial order by August 15, 2022. (*Id.*) The Court also notes that the corporate Defendant is unrepresented in this case, despite numerous reminders to Mr. Natale that the corporate Defendant may not proceed *pro se* and will likely be found to be in default if counsel does not appear on behalf of the corporation. (*See* Sept. 10, 2018 ECF Scheduling Order; Clerk's Entry of Default, ECF No. 30; Mar. 5, 2020 ECF Order; Jan. 25, 2022 Tr., ECF No. 76, at 8:15–19.)

For the reasons set forth below, the Court respectfully recommends that Defendant Natale's apparent $1,000 payment to Plaintiff Gerges not be approved as a fair and reasonable settlement, but that Mr. Gerges be permitted to be dismissed from the case given his clear indication to the Court and his attorney that he does not wish to participate. In addition, in light of Mr. Natale's inappropriate conduct, the Court respectfully recommends that the District Court consider the imposition of a fine on Mr. Natale, and that Mr. Goldberg's firm be awarded attorneys' fees and costs for his representation of Mr. Gerges, to be assessed at the conclusion of the case.

## DISCUSSION

### I.  Defendant Natale's $1,000 Payment to Plaintiff Gerges Violated *Cheeks*

In recognition of the FLSA being "a uniquely protective statute," and "in service of the statute's remedial and humanitarian goals," district courts within the Second Circuit are required to review proposed settlements of FLSA claims before such settlements can take effect. *Cheeks*, 796 F.3d at 206, 207 (modification omitted); *see also Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 39–41 (E.D.N.Y. 2014) (explaining the rationale behind applying judicial oversight to FLSA settlements). In reviewing proposed settlements under the FLSA, courts must decide "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Rotthoff v. New York State Cath. Health Plan, Inc.*, No. 19-CV-4027 (AMD) (CLP), 2021 WL 1310220, at *2 (E.D.N.Y. Apr. 8, 2021) (quotation marks omitted); *see also Cheeks*, 796 F.3d at 206. In making this determination, courts look to several factors, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the

settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing the *Wolinsky* factors).

In this case, there is no proposed settlement agreement for the Court to review. Rather, Plaintiffs' counsel informed the Court that Plaintiff Gerges accepted Defendant Natale's $10,000 settlement offer, only for Mr. Natale to notify the Court that Mr. Gerges had instead elected to settle the case for $1,000. (*See* Pls.' Notice, ECF No. 65; Feb. 17, 2022 Natale Letter, ECF No. 66; Mar. 23, 2022 Natale Letter, ECF No. 67, at 1, 2.) Indeed, Mr. Natale stated on multiple occasions that he paid Plaintiff Gerges $1,000 to settle the case — without seeking Court approval — and notwithstanding the Court's admonishment on January 25, 2022, that Mr. Natale could not communicate with Plaintiffs and that any settlement would require Court approval. (*See* Jan. 25, 2022 Tr., ECF No. 76, at 7:5–8:8, 10:1–23, 14:15–24; Jan. 25, 2022 ECF Minute Entry and Order; *see also* Apr. 8, 2022 Tr., ECF No. 70, at 16:17–19; May 19, 2022 Tr., ECF No. 74, at 4:19–22.)

Based on the letters received by the Court on March 23, 2022, Plaintiff Gerges's alleged reason for taking a $9,000 discount on his settlement was Mr. Goldberg's "outrageous" fee percentage. (Mar. 23, 2022 Natale Letter, ECF No. 67, at 1, 2.) According to Mr. Goldberg, his firm was to receive $5,000, or 50 percent of Plaintiff Gerges's $10,000 settlement, to cover attorneys' fees and costs pursuant to the retainer agreement with Mr. Gerges.[3] (Fee Letter, ECF No. 75, at 3, 4.) Even still, Plaintiff

---

[3] Although the Second Circuit has held that "there is no explicit limit on attorneys' fees in FLSA actions," *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020), the Court notes that a 50% attorneys' fee proportion is higher than the one-third contingency fee arrangement generally presumed to be reasonable in this district. *See, e.g., Li v. HLY Chinese Cuisine Inc.*, No. 18-CV-5077 (MMH), 2022 WL 1597302, at *6 (E.D.N.Y. Mar. 31, 2022); *Gonzalez v. Victoria G's*

Gerges's purported $1,000 settlement constitutes a $4,000 discount from the $5,000 he would have received as part of Mr. Natale's initial $10,000 offer. In light of Mr. Gerges's determination that he no longer wishes to participate in the case following his direct communications with Mr. Natale, the Court concludes that the only plausible explanation for Mr. Gerges's willingness to take such a deduction is undue pressure from Mr. Natale. Moreover, the Court has no basis to conclude that Defendant Natale's $1,000 payment to Plaintiff Gerges is fair and reasonable under *Cheeks*. The Second Circuit has held that if a court finds that a "proposed settlement is unreasonable in whole or in part, the court . . . must reject the agreement or give the parties an opportunity to revise it." *Fisher*, 948 F.3d at 605. Given that there is no agreement to revise, and in light of Mr. Natale's inappropriate conduct, the Court must recommend that the proposed settlement be rejected.

This is, of course, not the first instance in which a defendant has sidestepped a plaintiff's attorney in a misguided attempt to settle a wage deficiency claim directly with a plaintiff. *See, e.g., Shuler v. Liberty Consulting Servs., Ltd.*, No. 20-CV-5779 (KAM) (CLP), 2022 WL 1552039, at *1 (E.D.N.Y. Apr. 4, 2022), *report and recommendation adopted*, No. 20-CV-5779 (KAM) (CLP), 2022 WL 1564109 (E.D.N.Y. May 2, 2022); *Saravia v. Royal Guard Fence Co.*, No. 19-CV-2086 (DRH) (SIL), 2020 WL 5231696, at *1 (E.D.N.Y. Sept. 2, 2020); *Alvarez v. 894 Pizza Corp.*, No. 14-CV-6011 (JBW) (SMG), 2016 WL 4536574, at *1 (E.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, No. 14-CV-6011 (JBW) (SMG), 2016 WL 4540817 (E.D.N.Y. Aug. 30, 2016). "One obvious benefit to a private

---

*Pizzeria LLC*, No. 19-CV-6996 (DLI) (RER), 2021 WL 8316282, at *3 (E.D.N.Y. Nov. 12, 2021). However, given that Plaintiff Gerges has not endorsed the $10,000 settlement, and the Court has not yet had the opportunity to inspect Mr. Goldberg's billing records, the Court need not speculate as to whether a $5,000 recovery for Mr. Gerges and a $5,000 attorneys' fee award to Mr. Goldberg's firm would meet the relevant standards under *Cheeks*.

settlement with an employee is that some defendants believe they can avoid the added expense of paying counsel fees, which the employee may agree to forgo in exchange for a larger recovery to the employee." *Shuler*, 2022 WL 1552039, at *7. "The danger in allowing . . . settlements to proceed without court oversight," however, "is that the employees . . . are more likely to succumb to pressure from the employer to accept settlements that fail to reflect the full measure of the damages owed." *Id.* at *6.

Based on the record before the Court, this case appears to be an attempt by an employer to pressure an employee into a settlement arrangement designed to shield the employer from the added expense of attorneys' fees, *without* the added benefit of a larger recovery for the employee. The Court cannot, and will not, condone such conduct. Concluding otherwise would undermine the rationale behind imposing judicial oversight over FLSA settlements in the first place. *See, e.g.*, *Socias*, 297 F.R.D. at 41 ("Without judicial oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the [FLSA].").

Accordingly, the undersigned recommends finding the purported settlement reached between Plaintiff Gerges and Defendant Natale to be in violation of *Cheeks*, and in no way fair and reasonable. *See Shuler*, 2022 WL 1552039, at *7.

## II. Plaintiff Gerges Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 41(b)

While it is clear to the Court that Defendant Natale violated the letter and spirit of *Cheeks* in negotiating and effectuating a discounted settlement payment directly with Plaintiff Gerges, it is, unfortunately, equally clear that Plaintiff Gerges no longer wishes to participate in this litigation. Therefore, the Court recommends dismissing Mr. Gerges

from the case pursuant to Federal Rule of Civil Procedure 41(b) to afford Mr. Gerges some measure of closure.

As noted above, on February 17, 2022, the Court received a letter from Defendant Natale representing that Plaintiff Gerges "want[ed] to drop the case" and "settle for [$1,000]." (Feb. 17, 2022 Natale Letter, ECF No. 66.) Further, as discussed, Mr. Natale subsequently submitted a letter to the Court, along with a notarized letter claiming to be from Plaintiff Gerges to his counsel, requesting that Mr. Gerges be removed from the case. (Mar. 23, 2022 Natale Letter, ECF No. 67, at 1, 2.) In addition, Plaintiff Gerges failed to attend two consecutive conferences at which he was directed to appear, on April 28, 2022 and May 19, 2022, in contravention of the Court's orders and despite Plaintiffs' counsel's representation that Mr. Gerges was on notice. (*See* Apr. 28, 2022 ECF Minute Entry and Order; Apr. 28, 2022 Order ECF No. 71; Apr. 28, 2022 Tr., ECF No. 72, at 19:24–20:6; May 19, 2022 ECF Minute Entry and Order; May 19, 2022 Tr., ECF No. 74, at 3:7–12.) Moreover, on May 19, 2022, a member of the Court's staff spoke to an individual on the phone appearing to be Mr. Gerges, who affirmatively stated that he did not want to be a part of the case. (*See* May 19, 2022 Tr., ECF No. 74, at 4:9–18.)

Without definitive evidence of Mr. Gerges's motivations for abandoning his claims, or any finding as to the authenticity of the letter Defendant Natale submitted on Mr. Gerges's behalf, Plaintiff Gerges's refusal to participate in the case is untenable and must be addressed.

## A. Applicable Law

Generally speaking, Federal Rule of Civil Procedure 41 governs case dismissal. *See* Fed. R. Civ. P. 41. A plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment, or by filing a stipulation of dismissal that is signed by all parties who have

appeared. *See* Fed. R. Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). However, the Court may also dismiss a plaintiff when he "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Saravia*, 2020 WL 5231696, at *8.

Although dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "harsh remedy" and only appropriate in "extreme situations." *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts consider five factors:

> [W]hether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Because no single factor is dispositive, courts must review all of the factors to support the court's disposition. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011) (summary order); *Sigala v.*

*Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (summary order)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

### B. Analysis

Here, the Court reluctantly finds that the relevant factors weigh in favor of dismissing Plaintiff Tony Gerges's claims against Defendants. First, the Court notes that Plaintiff Gerges has violated two Court orders by failing to appear at the April 28, 2022 and May 19, 2022 conferences. (*See* Apr. 28, 2022 ECF Minute Entry and Order; Apr. 28, 2022 Order, ECF No. 71; May 19, 2022 ECF Minute Entry and Order.) Plaintiffs' counsel represented that he spoke with Mr. Gerges as recently as May 18, 2022, but Mr. Gerges has been absent from the proceedings for three months. (May 19, 2022 Tr., ECF No. 74, at 3:9; Fee Letter, ECF No. 75, at 1 n.1.) Although "[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," the Court finds that the delay caused by Plaintiff Gerges's non-appearance is unlikely to abate, and that this factor thus weighs in favor of dismissal. *See Caussade v. United States*, 293 F.R.D. 625, 629, 630 (S.D.N.Y. 2013).

Second, the Court is satisfied that Mr. Gerges received proper notice of the possibility of dismissal, and that further attempts to warn him would be futile.[4] *Caussade*, 293 F.R.D. at 630. In the Court's April 28, 2022 order scheduling the May 19,

---

[4] In addition, because the Court is directing Plaintiffs' counsel to serve a copy of this report and recommendation on Plaintiff Gerges, Mr. Gerges is being provided one final opportunity to state any objections that he may have to the recommendation of dismissal of his claims.

2022 conference, the Court explicitly warned Plaintiff Gerges that if he did not appear with his lawyer at the conference on May 19, 2022, he would "risk dismissal of this case under Federal Rule of Civil Procedure 41(b)." (Apr. 28, 2022 ECF Minute Entry and Order; *see also* Apr. 28, 2022 Order, ECF No. 71, at 2–3.) At the May 19, 2022 conference, Mr. Goldberg confirmed that Plaintiff Gerges was aware of the conference, and the Court also independently contacted Mr. Gerges to give him an opportunity to appear telephonically, and yet he nevertheless refused to attend. (May 19, 2022 Tr., ECF No. 74, at 3:9–16, 4:12–18.) Additionally, the Court finds that Plaintiff Morales and Defendant Natale (albeit to a lesser extent), would be prejudiced by further and indefinite delay in this litigation, which has already been in discovery for more than three years.[5] (*See* Jan. 4, 2019 Scheduling Order, ECF No. 21.)

Apart from the duration of Plaintiff Gerges's absence, the notice he received regarding the consequences of his absence, and the prejudice Plaintiff Morales and Defendant Natale would face if Plaintiff Gerges continues to fail to participate, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. In recent months, Mr. Gerges has demonstrated that he wants to be removed from this lawsuit, and has thus shown no "interest in prosecuting this case" further. *Caussade*, 293 F.R.D. at 631. Therefore, the Court finds that dismissal is the only "efficacious option," and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

Accordingly, the undersigned reluctantly recommends that Plaintiff Gerges be dismissed from this case.

---

[5] Because Defendant Fourth Avenue Bagel Boy, Inc. is in default, it is less clear that the corporate Defendant would be prejudiced by further delay. (*See* Clerk's Entry of Default, ECF No. 30.)

### III.     Goldberg & Fliegel LLP Should Be Awarded Attorneys' Fees and Costs

In light of the troubling procedural history described above, and given Defendant Natale's flagrant disregard for the Court's directives to refrain from (1) communicating directly with Plaintiffs, and (2) attempting to settle the case privately, the undersigned also recommends that Defendant Natale be sanctioned in the form of attorneys' fees and costs to Plaintiffs' counsel.[6]

Federal courts possess the "inherent power" to "assess attorney's fees as a sanction for the willful disobedience of a court order," and "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quotation marks omitted); *see also Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021); *Saravia*, 2020 WL 5231696, at *4 ("The Court 'has the inherent power to sanction for improper conduct, which derives from the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (internal quotation marks omitted))). Specifically, a court may "sanction a litigant pursuant to its inherent authority 'if there is clear evidence that the [litigant's] conduct' was '(1) entirely without color and (2) motivated by improper purposes.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d

---

[6] Magistrate judges "have the power to issue sanctions without referral from a district judge." *Shuler v. Liberty Consulting Servs., Ltd.*, No. 20-CV-5779 (KAM) (CLP), 2022 WL 1552039, at *8 n.17 (E.D.N.Y. Apr. 4, 2022) (citing *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. 10-CV-3647 (CBA) (MDG), 2017 WL 5515938, at *2 (E.D.N.Y. Mar. 6, 2017)), *report and recommendation adopted*, No. 20-CV-5779 (KAM) (CLP), 2022 WL 1564109 (E.D.N.Y. May 2, 2022). However, here, the undersigned recommends sanctions as part of a report and recommendation and as discussed below, recommends that the amount of attorneys' fees and costs to be awarded be decided at the conclusion of the litigation when any fees for Plaintiff Morales can be factored into the calculation.

42, 56 (2d Cir. 2018) (alteration in original) (quoting *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).

Imposing sanctions based on the Court's inherent power requires a finding of bad faith. *See Saravia*, 2020 WL 5231696, at *5; *Alvarez*, 2016 WL 4536574, at *5. Such a finding "'may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.'" *Saravia*, 2020 WL 5231696, at *5 (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)); *see also Alvarez*, 2016 WL 4536574, at *5. Notably, "*Cheeks* violations can . . . serve as a basis for sanctions if the court finds bad faith." *Shuler*, 2022 WL 1552039, at *9. However, before sanctions can be imposed, due process requires notice and opportunity to be heard.[7] *See Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997); *see also Am. Empire Surplus Lines Ins. Co. v. Joseph & Son Restoration Inc.*, No. 20-CV-1897 (WFK) (CLP), 2021 WL 5507858, at *5 (E.D.N.Y. Nov. 5, 2021), *report and recommendation adopted*, No. 20-CV-1897 (WFK) (CLP), 2021 WL 5505833 (E.D.N.Y. Nov. 24, 2021); *Saravia*, 2020 WL 5231696, at *5; *Alvarez*, 2016 WL 4536574, at *5.

Having presided over the relevant pretrial matters in this case, the undersigned finds that Defendant Natale violated the Court's orders in an apparent effort to interfere with the litigation and settlement process, and that he took such actions in bad faith. *See, e.g., Shuler*, 2022 WL 1552039, at *12–14; *Saravia*, 2020 WL 5231696, at *7–8; *Alvarez*, 2016 WL 4536574, at *6–7. On January 25, 2022, the Court explicitly instructed Mr. Natale that he may not communicate with Plaintiffs, and instead must direct all

---

[7] The Court notes that Defendant Natale has already been put on notice of the potential for sanctions in this case. (*See* Mar. 29, 2022 ECF Referral Order; Apr. 3, 2022 Certificate of Service, ECF No. 69.) However, in order to ensure that Mr. Natale has the opportunity to be heard as to the specific sanctions that could be imposed, the undersigned recommends providing an additional opportunity for Mr. Natale to respond to this Court's findings and recommendations. *Cf. Alvarez*, 2016 WL 4536574, at *7 (E.D.N.Y. Aug. 2, 2016) ("'[T]he opportunity to submit written briefs may be sufficient to provide an opportunity to be heard.'" (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 335 (2d Cir. 1999))).

communications to Mr. Goldberg. (*See* Jan. 25, 2022 Tr., ECF No. 76, at 7:5–8:8, 10:1–23.) Importantly, during the same conference, Mr. Natale offered Plaintiffs $10,000 each to settle their claims and indicated that he understood that any settlement would ultimately need to be approved by the Court. (*Id.* at 14:15–20, 15:6–12.) And yet, two weeks later, on February 8, 2022, Plaintiffs' counsel reported that Mr. Natale "apparently had direct communications with Mr. Gerges regarding a substantially lower settlement amount[.]" (Pls.' Notice, ECF No. 65.) Indeed, Mr. Natale's March 23, 2022 letter to the Court indicated that he met with Plaintiff Gerges at Mr. Natale's house on February 16, 2022, and the two "settle[d their] differences for $1,000," which Mr. Natale later confirmed to the Court. (Mar. 23, 2022 Natale Letter, ECF No. 67, at 2; *see also* Apr. 8, 2022 Tr., ECF No. 70, at 16:17–19; May 19, 2022 Tr., ECF No. 74, at 4:19–22.) It must be noted that Mr. Natale took these actions directly following (1) the Court's express warning to him not to communicate with Plaintiffs; (2) his $10,000 offer to Plaintiff Gerges; and (3) the Court's clear directive that he could not settle this case privately.

"Allowing this type of conduct to continue without some sanction would 'permit defendants to circumvent the FLSA's deterrent effect and eviscerate FLSA protections.'" *Shuler*, 2022 WL 1552039, at *14 (quotation marks omitted) (quoting *Armenta v. Dirty Bird Grp., LLC*, No. 13-CV-4603, 2014 WL 3344287, at *4 (S.D.N.Y. June 27, 2014)). Accordingly, the Court respectfully recommends that Defendant Natale be required to pay Mr. Goldberg's firm, Goldberg & Fliegel LLP, in an "amount to be determined by a later accounting as a sanction for [D]efendant's conduct in attempting to settle this case in contravention of *Cheeks*." *Id.*[8] In the interim, Defendant Natale can voice any

---

[8] Mr. Goldberg requests that the Court deem Plaintiff Gerges a prevailing party in this action, and thus entitled to attorneys' fees under the FLSA and NYLL. (Fee Letter, ECF No. 75,

objections he may have to the imposition of sanctions, ensuring that due process is safeguarded. *Cf. Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 37 (E.D.N.Y. 2018) (providing the opportunity to be heard on whether imposing attorneys' fees "would impose an unreasonable financial hardship"). In addition, because Mr. Goldberg's firm is still litigating on behalf of Mr. Gerges's co-plaintiff, Ramon Morales, calculating the fee at the conclusion of the case will permit the determination of attorneys' fees and costs as a sanction against Mr. Natale to be made in conjunction with any similar award of fees related to Plaintiff Morales, should he prevail on his claims.[9]

## IV. Defendant Natale Should Be Fined for His Inappropriate Conduct

In addition to the Court's inherent authority described above, Federal Rule of Civil Procedure 16 permits district courts to issue "any just orders" if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f). "District courts acting pursuant to their authority under Rule 16(f) are free to design the sanction to fit the violation and their focus need not be limited to compensation of opposing counsel." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 290 (2d Cir. 2021) (citations and quotation marks omitted). "Indeed, trial judges have considerable discretion in the selection and imposition of sanctions so as to deter neglect of pretrial obligations," and "deterrence is a widely recognized basis for determining the amount of a monetary sanction under Rule 16(f)." *Id.* at 290–91 (alterations and quotation marks omitted).

---

at 2, 5–6 (citing, *inter alia*, 29 U.S.C. § 216(b); N.Y. Lab. L. § 663).) However, because the Court recommends awarding attorneys' fees and costs based on the District Court's inherent authority, it need not reach the issue of whether Plaintiff Gerges may be deemed a prevailing party notwithstanding the recommendation that he be dismissed for failure to prosecute. *Cf. Alvarez*, 2016 WL 4536574, at *3.

[9] For example, Mr. Goldberg states that his firm's expenses in this case for both Plaintiffs exceed $2,000. (Fee Letter, ECF No. 75, at 3.) The Court presumes that the firm's hours spent on the litigation are not neatly divided by Plaintiff. Accordingly, calculating an award of fees and costs may be better suited for a later stage in the litigation, if and when Plaintiffs' counsel submits billing records and documentation in support of his work on the case.

Here, beyond the imposition of attorneys' fees based on the Court's inherent authority, the Court respectfully recommends that Defendant Natale be fined, in an amount to be determined by the District Court, for his cavalier defiance of the Court's directives and as a measure of deterrence for future misconduct. (*See* Mar. 29, 2022 ECF Referral Order (warning Defendant Natale that his failure "to comply with this order may result in the imposition of sanctions, including a finding of contempt and imposition of fines").)

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that the request for settlement approval and Plaintiff Gerges's purported request to relieve counsel (ECF Nos. 65, 67) be granted in part and denied in part. Specifically, the undersigned recommends that (1) Defendant Natale's $1,000 settlement with Plaintiff Gerges not be approved as fair and reasonable; (2) Plaintiff Gerges be dismissed from the case notwithstanding the impropriety of Defendant Natale's attempt to settle Mr. Gerges's claims; (3) Defendant Natale be sanctioned in the form of an award of attorneys' fees and costs to Goldberg & Fliegel LLP, in an amount to be determined by the District Court at the conclusion of the case; and (4) the District Court consider the imposition of a fine on Defendant Natale as an additional sanction for his conduct.

*   *   *   *   *

Plaintiffs' counsel is directed to serve a copy of this report and recommendation on both Plaintiff Gerges and Defendant Natale by **July 14, 2022**, and to file proof of service with the Court. Should Plaintiff Gerges wish to remain in the litigation, he must file a letter with the Court by **July 28, 2022**. Similarly, any objections to this report and recommendation, **including the recommendation that Defendant Natale be sanctioned for his conduct**, must be filed with the Clerk of the Court within fourteen

days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

      **SO ORDERED.**

Dated:  Brooklyn, New York
      July 7, 2022

                                       *Taryn A. Merkl*
                              TARYN A. MERKL
                              UNITED STATES MAGISTRATE JUDGE