# ANTHONY V. GENTILE, ESQ.

6648 Ridge Boulevard
Brooklyn, New York 11220
718-492-1444
anthonyvgentile_esq@yahoo.com

---

July 21, 2022

*Via efiling*

Hon. Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:    Morales et al v. Fourth Avenue Bagel Boy, Inc. et al.  1:18-cv-03734-DLI-TAM.*
> *Letter motion of defendant, Steven Natale, for an extension of time to serve objections.*

Hon. Judge Irizarry:

I am an attorney duly admitted to practice in this Honorable Court, and I write on behalf of defendant herein, Steven Natale ("Natale"), in this wage dispute claim brought pursuant to the FLSA.[1]  More specifically, I write to request an extension of time for Natale to submit objections to the Report and Recommendation of the Hon. Magistrate Taryn A. Merkl ("Magistrate Merkl" or "the Magistrate"), dated July 7, 2022.  *See* Dkt. No. 77 (hereafter, the "R&R").

I realize this request comes <u>beyond</u> the proverbial "eleventh hour" considering that today is the deadline to file such objections, and this letter is being filed after 11:00 p.m.[2]  The reason for the last-minute application, as explained further below, is that your undersigned was not even retained until approximately 8:00 p.m. today, and there was simply not sufficient time to submit an adequate response to the R&R worthy of this Court's attention.

By virtue of this instant letter motion, and pursuant to Rule 6 (b) of the Federal Rules of Civil Procedure, Local Rule 7.1(d), and this Court's "Individual Motion Practice and Rules For Civil Cases Only" (the "Rules"), Natale respectfully moves for, and requests, a brief extension of time to file his objections to the aforesaid R&R.  Said Report addresses Docket numbers 65 and 67,[3] and essentially recommends as follows:

> [T]hat (1) Defendant Steven Natale's $1,000 settlement with
> Plaintiff Gerges not be approved as fair and reasonable; (2)
> Plaintiff Gerges be dismissed from the case notwithstanding the

---

[1] Considering the interesting history of this case, your undersigned will assume the Court's full knowledge of same.
[2] In light of this circumstance, and realizing this Court can very well deny this application, your undersigned has filed a <u>contingent</u> Notice of Appearance, i.e., contingent upon the instant application being granted.
[3] Said documents represent letter motions by which settlement approval, and dismissal from the case of plaintiff, Tony A. Gerges, was being sought.

Page **1** of **3**

> impropriety of Defendant Natale's attempt to settle Mr. Gerges's
> claims; (3) Defendant Natale be sanctioned in the form of an award
> of attorneys' fees and costs to Goldberg & Fliegel LLP, in an
> amount to be determined by the District Court at the conclusion of
> the case; and (4) the District Court consider the imposition of a
> fine on Defendant Natale as an additional sanction for his conduct.

Natale seeks an extension of ten (10) days (or some other suitable period) following the efiling of the decision granting the motion - - if said motion is granted. Here is the required information with respect to section II-D of Your Honor's Rules:

1. <u>The reason for the request</u>: discussed below;

2. <u>The original deadline or conference date</u>: today, July 21, 2022;

3. <u>The number of previous requests for adjournments or extensions</u>: none;

4. <u>Whether these previous requests were granted or denied</u>: not applicable;

5. <u>Whether the adversary consents, and, if not, the reason given by the adversary for refusing to consent</u>: the adversary has neither refused nor granted consent;[4] and

6. <u>Proposed date(s) for the adjournment or extension of time</u>: that date which is ten (10) days from the filing of the order granting the motion, if the motion is granted.

**The Reason for the Request**

Your undersigned was contacted today by Natale, <u>for the first time</u>, about possibly retaining me to file his objections to the R&R.[5] Obviously, like any other attorney, I had a full day planned when Mr. Natale contacted me, and I could not even begin to review the relevant case docket, perform intake with Mr. Natale, and undertake minimal research, until after 5:30 p.m. today. Having done so, it is now far too late for me to submit an adequate response to the R&R, and to properly and ethically represent Natale and his interests. Hence, the request for additional time.

Although no two (2) cases are alike there is case law support for granting of the instant request. *See, e.g., Duncan v. Sullivan County*, 2022 WL 445658 (U.S. Dist. Ct., S.D.N.Y. 2022); *Rispers v. Capra*, 2021 WL 5360045 (U.S. Dist. Ct., S.D.N.Y. 2022); and *Nike, Inc. v. Top Brand Co., Ltd.*, 2006 WL 2884437 (U.S. Dist. Ct., S.D.N.Y. 2006). Moreover, the granting of this motion would be in line with the strong public policy in favor of deciding cases and matters on their merits, as opposed to on the basis of a default, a policy expressed in numerous case law decisions in various contexts. *See, e.g., Index Fund, Inc. v. Hagopian*, 90 F.R.D. 574 (U.S. Dist. Ct., S.D.N.Y. 1981) and *Blue Ridge Investments, LLC v. Republic of Argentina*, 902 F.Supp.2d 367,

---

[4] To be fair, your undersigned did not request such consent until 8:30 p.m. tonight, and thus was not honestly expecting a response.

[5] I have known Natale for a long time (because he owns the subject bagel shop near the train station I use on a frequent basis), and I was previously aware of this case, but today was the first time Natale specifically asked me for legal representation to the extent of filing actual papers on his behalf.

384-385 (U.S. Dist. Ct., S.D.N.Y. 2012), *citing*, *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-472 (4th Cir.1993). *See also, Patterson v. Newspaper and Mail Deliverers' Union of New York and Vicinity*, 884 F.Supp. 869, 873 (U.S. Dist. Ct., S.D.N.Y. 1995).

**Lack of Prejudice**

It is a well-known, and oft stated, maxim that the mere passage of time, standing alone, does not incur prejudice in a civil litigation context. Here, Magistrate Merkl ruled that the amount of the attorney fees (as a sanction), <u>if any</u>, would not be decided until the end of the case, and the end of the case is far from being in sight considering that discovery is ongoing. Thus, the plaintiff's attorneys are simply not prejudiced if Natale is given a brief opportunity to attempt to thwart the imposition of such fees/sanction altogether.

**Substance of the Objections**

Natale's objections to the R&R will not be perfunctory. For example, there appears to have been a rush to judgment that Natale somehow pressured plaintiff Tony Gerges ("Gerges") to exit the case and accept a low settlement amount. As your undersigned understands the true and actual facts, Natale took Gerges "under his wing" at age sixteen (16), and taught the youngster to cook, and Gerges has viewed Natale as a father figure, and he does not want to lose that relationship or "burn that bridge" behind him. This is Gerges' reason for ending his case. I am advised that, this past Sunday, Gerges was sending Natale pictures of food he had prepared because he still values Natale's approval, considering how Natale fostered and supported Gerge's culinary career.

Moreover, it appears that Gerges is no longer happy with his legal representation and, in fact, Gerge's attorneys wrote to the Court stating that that they would be withdrawing. Let us not forget that Gerges was dismissed from the case, and the Magistrate disapproved of the $1,000.00 settlement. This necessarily means that Gerges is <u>not</u> a prevailing party. As a general matter, withdrawing attorneys working on a contingency are <u>not</u> entitled to attorney fees, and attorneys for <u>non</u>-prevailing parties are <u>not</u> entitled to fees either. Here, Gerge's attorneys occupy <u>both</u> classes of attorneys who are <u>not</u> entitled to fees, yet the Magistrate is awarding them fees under the guise of a "sanction". However, such sanction is a non-sequitur because whatever Natale did or failed to do had no effect on plaintiff's attorney's fees. Indeed, litigants are usually sanctioned for <u>multiplying</u> proceedings -- here, to the extent blame is being foisted on Natale for Gerge's exit from the case, said exit did the exact opposite of multiplying the proceedings: it ended them.

Lastly, there is a procedural impropriety in that Dkt. No. 75 is the vehicle by which Gerge's attorneys sought attorney fees. However, Dkt. No. 75 is a responsive document, and litigants generally cannot seek affirmative relief in a responsive document. Indeed, the R&R does not even mention that it is resolving Dkt. No. 75. Wherefore, for all the foregoing reasons, your undersigned humbly and respectfully prays that the relief requested herein be granted in its entirety. Thank you.

Sincerely and respectfully submitted,

*/s/ Anthony V. Gentile*
Anthony V. Gentile (AG6065)
To: All ECF registrants in this case.