# ANTHONY V. GENTILE, ESQ.

6648 Ridge Boulevard
Brooklyn, New York 11220
718-492-1444
anthonyvgentile_esq@yahoo.com

___

July 26, 2022

*Via efiling*

Hon. Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:*     *Morales et al v. Fourth Avenue Bagel Boy, Inc. et al.* 1:18-cv-03734-DLI-TAM.
> Reply of defendant, Steven Natale, regarding Docket No. 81.

Hon. Judge Irizarry:

I write again, as an attorney, on limited behalf of defendant herein, Steven Natale ("Natale"), in this wage dispute claim brought pursuant to the FLSA. The within letter is Natale's reply, in response to Plaintiff's attorneys' opposition (*see* Dkt. No. 82) to Natale's letter motion (*see* Dkt. No. 81), seeking an extension of time for Natale to submit objections to the Report and Recommendation of the Hon. Magistrate Taryn A. Merkl ("Magistrate Merkl" or "the Magistrate"), dated July 7, 2022. *See* Dkt. No. 77 (hereafter, the "R&R"). This reply is also submitted in further support of said motion.

Up front, this Honorable Court should know the following. In the aforesaid letter motion, Natale demonstrated to the Court how there would be no prejudice by the granting of the instant motion, and Natale also set forth some, but certainly not all, of the proposed objections he would raise in response to the R&R, if permitted to do so post-deadline. Notably, Plaintiff's attorneys do not oppose the allegations of non-prejudice thereby admitting same. Equally notably, said attorneys do not oppose the substantive objections set forth by Natale other than to state, in the most conclusory fashion, that they have no merit. Thus, Plaintiff's attorneys have arguably admitted, or conceded, by default, that Natale's prior, partially stated objections do, in fact, have merit.

Plaintiff's attorneys object to the application on three (3) purported, but largely baseless, grounds, as follows: (i) that Natale's request for an extension of time to file objections to the R&R is untimely; (ii) that your undersigned should not be permitted to appear herein on a limited basis; and (iii) as noted above, that the proposed partial objections allegedly have no merit. We will address each argument in turn, but not in that order.

**(i)**     **<u>The limited nature of your undersigned's appearance.</u>** Plaintiff's attorneys phrase their point about your undersigned's appearance as an objection to "Mr. Gentile's <u>request</u>

for approval of a limited appearance to file" because they "are unaware of any rule allowing such a limited appearance" (Dkt. No. 82). Your undersigned contends that such limited appearances are routinely effectuated, are supported by New York's attorney ethical rules, and that he did not need the Court's prior permission in this regard. Rather, he simply filed a limited Notice of Appearance in accordance with the limits of his client retainer.[1]

Case law fully supports your undersigned's appearance in this case so as to partially represent a *pro se* defendant on a precisely defined and limited basis. *See, e.g.*, *Guan v. City of New York*, 37 F.4th 797, 803 (2d Cir. 2022) (taking judicial notice that an attorney appeared in that case "for the limited purpose of taking and defending fact depositions).[2] A judge in this Court's sister district has opined at length on this issue. In *Villar v. City of New York*, 540 F.Supp.3d 437 (U.S. Dist. Ct., SDNY 2021), a case where an attorney appeared solely to assist with mediation and settlement, the Hon. Jed S. Rakoff, DCJ expounded in depth about the benefits of such limited appearances. Among other things, he noted that the ABA approves of such practice, and that same is permitted by the state's ethical rules of legal practice, to wit, Rule 1.2(c). *See Villar* at 439-440.[3] Judge Rakoff also described a program launched in the Southern District so as to "appoint limited-scope counsel for pro se litigants in certain cases". *Villar* at 440.

The common thread in all the aforesaid cases is that an attorney appeared, on a limited basis, to handle a single or partial aspect of litigation which was clearly beyond the ken and/or capabilities of a layperson litigant, to wit, depositions, fact discovery, mediation, settlement, etc. So too here, where your undersigned seeks to appear solely to file objections to the R&R. Surely, this Court cannot expect Natale, who never even finished eighth grade, to perform pinpoint legal research, and draft cogent objections to a federal magistrate's R&R. That would be illogical, unfair on its face and violative of at least two (2) principles or doctrines which guide this Court, to wit, the doctrine of fundamental fairness and the constitutional right to counsel.

Regarding Natale's right to counsel, the Sixth Amendment right to counsel extends to quasi-criminal proceedings. *Holton v. Vaughn*, 113 F.3d 1229 (2d Cir. 1997). The sanctions/fine at issue here are punitive in nature, and punitive fines are quasi-criminal in nature. *Smith v. Wade*, 461 U.S. 30, 59 (1983). The Second Circuit holds that "appellate courts have ruled that, in certain sanctions proceedings, the person facing imposition of sanctions should have the benefit of the procedural protections available to a person charged with a crime." *Margo v. Weiss*, 213 F.3d 55, 62 (2d Cir. 2000), *citing and quoting*, *Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 128 (2d Cir. 1998). One of these protections, of course, is the assistance of counsel. *Mackler* at 128.

Natale is not asking this Court to appoint counsel, nor is he asking the government to fund his attorney fees. He simply wants Your Honor to overrule Plaintiff's attorneys' objections to your

---

[1] If your undersigned is incorrect on this point, and if Court permission was indeed required *ante facto*, then he sincerely apologizes to the Court, begs forgiveness for such oversight, and asks that his limited Notice of Appearance be read as a request to appear in this case on the defined, limited basis, and that the request be granted.

[2] *See also*, *Holland v. Matos*, 2021 WL 1600143 *2 (U.S. Dist. Ct., SDNY 2021) (wherein an attorney appeared on a limited basis "to take and defend depositions on behalf of Defendants" and to complete "fact discovery"); *Gomez v. Henry Street Settlement*, 2021 WL 4239177 *2-3 (U.S. Dist. Ct., SDNY 2021) (wherein an attorney "made a limited appearance as the mediation attorney for Plaintiff"); and *U.S. Commodity Futures Trading Commission v. Lamarco*, 2018 WL 2103208 *1-2 (U.S. Dist. Ct., EDNY 2018) (wherein the court itself appointed an attorney on a limited basis solely to conduct settlement negotiations).

[3] To the extent Plaintiff's highly experienced and knowledgeable attorneys are claiming (or perhaps feigning) ignorance of a limited-scope appearance rule they have now most certainly been cured of said alleged ignorance.

undersigned's appearance herein on a limited basis. Not to be overlooked is the nature of the threat to Natale. Unlike a damages award, which is usually imposed by a jury, a sanctions award is imposed <u>by the Court</u> and, if left unpaid, can result in a contempt charge, and possibly incarceration or additional sanctions until the contempt is cured. We submit that such liberty and property risks conclusively warrant the need for Natale to be assisted by counsel on this task.

With respect to fundamental fairness, although constitutional concerns of Due Process do not require this civil proceeding to be perfect, said concerns require them to be at least fundamentally fair in all aspects.[4] Here, if the Court extends the deadline, it would be fundamentally <u>unfair</u> to compel a *pro se*, uneducated litigant to engage in an onerous task clearly requiring the assistance of counsel, but then deny him the benefit of counsel, especially where incoming counsel is present, and is ready, willing and able to assist in the subject task.

**(ii)** <u>Timeliness of the Request.</u> Natale concedes the adversaries' point, as he must, that, under this Court's Rules (§II-D), the instant application should have been made at least three (3) days prior to the deadline, and there is no guarantee that the Court will even consider it. In this regard, he is very humbly and respectfully seeking some leeway pursuant to the doctrine requiring this Court to show normal, adequate and/or sufficient deference to *pro se* litigants.[5]

**(iii)** <u>The Merits of Natale's Proposed Objections.</u> Plaintiff's attorneys do not address the substance of Natale's proposed partial objections; rather, they argue, <u>procedurally</u>, that Natale had ample opportunity to address them prior to the R&R. Your undersigned is at a disadvantage because he is barred from obtaining all but one of the appearance transcripts; however, suffice it to say that, whatever occurred at said hearings, Natale, <u>and his seventh-grade education</u>, were clearly no match for Plaintiff's sophisticated and experienced law firm (or the Magistrate). In the aforesaid single transcript (Dkt. No. 070), the Magistrate did not even mention sanctions or a fine. Aside from the prior proposed objections, Magistrate Merkl also erred, among other reasons, as follows: the Magistrate should not have ruled on the fairness of the settlement after mooting the issue by allowing Anthony Gerges ("Gerges") to exit from the case; the Magistrate, in violation of Natale's Due Process rights, did not afford him notice and the opportunity to be heard (any Order requiring a sanction/fine, for conduct allegedly occurring <u>outside</u> of Court, should have been the subject of a proper motion); the Magistrate abandoned impartiality, and the required deference to Natale, by siding against him, and <u>insuring</u> that Plaintiff's attorneys would be paid <u>by Natale</u>, even though they accomplished nothing for Gerges after more than four (4) years of litigation against an uneducated, *pro se* defendant; and, upon information and belief, the Magistrate also sided with Gerges, and failed to defer to Natale, by not directing <u>Gerges</u> to have no contact with Natale (Gerges was initiating such contact). Wherefore, for all the above reasons, and those set forth in Dkt. No. 81, Natale's motion should be granted in its entirety.

Sincerely and respectfully submitted,

*/s/ Anthony V. Gentile*
Anthony V. Gentile (AG6065)
To: All ECF registrants in this case.

---

[4] For cases discussing fundamental fairness in multi-variegated civil contexts, *see, e.g. Gravatt v. Columbia University*, 845 F.2d 54 (2d Cir. 1988); *Langan v. Johnson & Johnson Consumer*, 897 F.3d 88 (2d Cir. 2018); and *Treeline 990 Stewart Partners LLC v. RAIT Atria, LLC*, 2011 WL 2532873 (U.S. Dist. Ct., EDNY 2021).
[5] *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010); *Dixon v. Zenk*, 361 Fed.Appx. 218, 219-220 (2d Cir. 2010).