# ANTHONY V. GENTILE, ESQ.

6648 Ridge Boulevard
Brooklyn, New York 11220
718-492-1444
anthonyvgentile_esq@yahoo.com

___

August 5, 2022

*Via efiling*

Hon. Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:* *Morales et al v. Fourth Avenue Bagel Boy, Inc. et al. 1:18-cv-03734-DLI-TAM. Supplemental/amended letter motion of defendant, Steven Natale, seeking an extension of time to serve Objections, and for the Court to accept the now filed Objections.*

Hon. Judge Irizarry:

I am an attorney duly admitted to practice in this Honorable Court, appearing herein on a limited basis (*see* ECF Dkt. No. 80), for defendant herein, Steven Natale ("Natale"), in this alleged wage dispute claim brought pursuant to the FLSA.[1] More specifically, we respectfully write to amend/supplement Natale's <u>pending</u> request for an extension of time for Natale to submit Objections to the Report and Recommendation of the Hon. Magistrate Taryn A. Merkl ("Magistrate Merkl" or "the Magistrate"), dated July 7, 2022. *See* Dkt. No. 77 (hereafter, the "R&R").[2] Among other things, via the R&R, the Magistrate has recommended that Natale be personally fined and sanctioned because he allegedly contacted one of the Plaintiffs directly, and allegedly settled the case as against that Plaintiff. As to said pending letter motion, which, to date, has not been decided, *see* Dkt. Nos. 81-83.

**<u>Relief Requested.</u>**

In the prior motion, which was initiated on July 21, 2022, and fully submitted on July 26, 2022, Natale sought: "an extension of ten (10) days (or some other suitable period) following the efiling of the decision granting the motion - - if said motion is granted." However, much has happened since the full submission of the prior pending motion, including the circumstance that, yesterday (on 08-04-22), Natale has since filed the Objections. *See* Dkt. Nos. 85, 85-1.[3]

---

[1] Considering the interesting history of this case, your undersigned will assume this Court's full knowledge of same.
[2] Said Report addresses Docket numbers 65 and 67, which represent letter motions by which settlement approval regarding Plaintiff, Tony A. Gerges, and dismissal from the case of said Plaintiff, were being sought.
[3] Today, around 5:05 p.m., the remaining Plaintiff, Roman Morales, efiled a one-page letter motion seeking to strike said Objections (*see* Dkt. No. 86). In addition to prosecuting the instant motion, Natale will most certainly be opposing said strike motion.

Thus, by virtue of this instant letter motion, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Local Rule 7.1(d), and this Court's "Individual Motion Practice and Rules For Civil Cases Only" (the "Rules"), Natale now hereby respectfully amends/supplements said prior motion to seek the additional/alternate following relief: (i) an extension of time to **August 4, 2022** to file his Objections, or such other date as selected by the Court, which will ensure that the Court considers the filed Objections in ruling on the R&R, notwithstanding any temporal factors; and (ii) in any event, an Order deeming the now filed Objections to be accepted for consideration by this Court in ruling on the R&R, notwithstanding any temporal factors; and (iii) in any event, granting such other and further relief as is just, proper and equitable. Natale submits that the foregoing should all be read as a combined request for relief. Here is the required information with respect to section II-D of Your Honor's Rules for the instant motion:

1. <u>The reason for the amended/supplemented request</u>: Said reasons are discussed in the prior motion submissions (Dkt. Nos. 81, 83), which reasons are incorporated herein, by reference thereto, as if more fully set forth; and said reasons are discussed further below;

2. <u>The original deadline or conference date</u>: July 21, 2022;[4]

3. <u>The number of previous requests for adjournments or extensions</u>: There is a single, pending letter motion seeking an extension of time to file Objections (Dkt. No. 81);

4. <u>Whether these previous requests were granted or denied</u>: To date, the pending letter motion has neither been granted nor denied, nor ruled upon;

5. <u>Whether the adversary consents, and, if not, the reason given by the adversary for refusing to consent</u>: The adversary refuses to consent to the relief requested because, among other things, the "request for an extension of time to file objections to the R&R is [allegedly] untimely" and the "proposed objections to the R&R [allegedly] have no merit" (*see* Dkt. No. 82); and also because the filing of the Objections is allegedly "untimely and unauthorized" (Dkt. No. 86).

6. <u>Proposed date(s) for the adjournment or extension of time</u>: **August 4, 2022**, or such other date as selected by the Court, which date will ensure that Natale's Objections will be considered by the Court in ruling on the R&R notwithstanding any temporal factors.

**The Reasons for the Request**

The reasons for the requested extension are set forth in the prior letter motion submissions (Dkt. Nos. 81, 83), which reasons are incorporated herein, by reference thereto, as if more fully set forth. Additional reasons for the request are that much has happened since the full submission of the prior letter motion. First, your undersigned took careful note of that portion of Your Honor's Rules which reads:

> Parties should not assume that requests made immediately before or on the deadline date will be considered by the Court. Moreover, if no action is taken by the Court, particularly when the request is

---

[4] However, said deadline may be later, as discussed below.

untimely, parties must assume that they are to complete the required action. *See* section II-D (text below subsection [6]).

Second, we decided to heed Your Honor's fair and reasonable warning, and we filed the Objections yesterday without waiting for a decision on the pending motion (*See* Dkt. Nos. 85, 85-1).

**The Instant Motion (and the Pending Motion) Should be Granted**

In addition to the reasons and arguments set forth in the pending letter motion, which reasons are incorporated herein, by reference thereto, as if fully set forth, the combined requested relief should be granted for the following additional reasons as well: (i) that there are important issues at stake here, including constitutional issues; and (ii) Natale may have been shorted on his time to serve Objections.

**(i)     The Important Issues at Stake**

In filing his Objections, Natale raised a plethora of objections to the R&R, some of which objections are of constitutional import. One of his main points of contention is that he was denied Due Process regarding the recommendation to fine and sanction him. This is because, sometime in January of 2022, the Magistrate allegedly directed Natale to not contact Plaintiff Tony Gerges; however, said directives did not contain a warning that Natale could be sanctioned for his conduct. Then, sometime in February of 2022, Natale allegedly did contact said Plaintiff. Thereafter, sometime in March of 2022, Your Honor issued a referral Order which did warn Natale that he could be sanctioned if he contacted the Plaintiff, but said warning came a month after said contact had already allegedly occurred. On this basis, Natale argues that he was not afforded Due Process in the form of timely and proper notice before the Magistrate recommended that he should be fined and sanctioned.

Additional arguments raised by Natale in the Objections, with respect to the sanctions and fine, are, among other things: (i) that Natale was denied Due Process because he was not afforded the opportunity to be heard either due to the lack of an evidentiary hearing; (ii) that Natale did not act in bad faith; (iii) that Natale was being punished quasi-criminally on an Ex Post Facto basis; (iv) that the Magistrate undertook the wrong type of review;[5] (v) that the Magistrate failed to give proper deference to Natale's status as a *pro se* defendant with a seventh-grade education; and (vi) that, overall, the R&R proceedings lacked fundamental fairness. Again, many of these Objections are of constitutional import.

Your undersigned knows, from personal experience,[6] that Your Honor is a very wise and just judge, and, with respect to constitutional issues, is a jurist who rules according to the law, and in

---

[5] We understand the Magistrate was acting pursuant to Your Honor's Referral Order, which was arguably the "law of the case". However, we very respectfully and humbly ask the Court to at least consider that it possibly erred in this regard. After all, the Second Circuit itself admits that judges are not infallible. *U.S. v. Messina*, 131 F.3d 36, 39 (2d Cir. 1997); *In re J.P. Linahan, Inc*., 138 F.2d 650, 654 (2d Cir. 1943).

[6] Many years ago, your undersigned largely drafted the brief opposing the government's dismissal motion in *Saint-Guillen v. U.S.* 657 F.Supp.2d 376 (U.S. Dist. Ct., E.D.N.Y. 2009) (Irizarry, J). In fact, your undersigned's practice is largely devoted to litigating personal injury claims on the plaintiff's side (the underdog's side), including civil rights claims and employment law claims. Although your undersigned virtually never crosses over to the "other side" to represent defendants, he does so here because he is quite perturbed about the manner in which Natale is

the interests of justice, even if this means ruling <u>against</u> the United States government itself, and in favor of one who, unlike Natale, have committed, or been accused of, actual crimes. *See, e.g.*, *United States v. Meza*, 372 F.Supp.3d 48 (U.S. Dist. Ct., E.D.N.Y. 2019) (Irizarry, Chief District Judge) (dismissing indictment due to constitutional infirmities); *Morel v. Reed*, 2015 WL 1506132 (U.S. Dist. Ct., E.D.N.Y. 2019) (Irizarry, J) (granting summary judgment in favor of defendant on his claim of a Fourth Amendment violation).

In the case of *Campbell v. U.S.*, 2015 WL 1540524 (U.S. Dist. Ct., E.D.N.Y. 2019) (Irizarry, J), this Court wrote: "Though a court need not act as an advocate for pro se litigants, in such cases there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Id*. at *2, *citing*, *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir.1998) (internal quotation marks omitted; citation omitted in original). Your undersigned thus fervently hopes that the Court accepts and considers the subject Objections so as to ensure that the "constitutional deprivations" of which Natale complains are redressed, and that "justice is done" in accordance with said Objections.

**(ii)      Natale Was "Shorted on his Time to Serve Objections**

The Magistrate likely "shorted" Natale on his time to serve Objections. With respect to non-dispositve matters, "A party may serve and file objections to the order within 14 days after being served with a copy." F.R.C.P. 72(a). With respect to dispositive matters, "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." F.R.C.P. 72(b). Here, Magistrate Merkl, in her R&R dated July 7, 2022, directed that service be effectuated by July 14, 2022, and that Natale respond one week later on July 21, 2022. *See* R&R at p. 20 (Dkt. No. 77).

In essence, by issuing such a briefing schedule, the Magistrate deprived the *pro se* defendant of at least seven (7) days response time, and perhaps more if we factor in the days required for regular mailing. As it turned out, the Objections were not filed until July 11, 2022. *See* Dkt. No. 78.

Wherefore, for all the foregoing reasons, your undersigned humbly and respectfully prays that the relief requested herein be granted in its entirety. Thank you.

Sincerely and respectfully submitted,

*/s/ Anthony V. Gentile*
Anthony V. Gentile
(AG6065)

To: All ECF registrants in this case.

---

apparently being treated in this Court. The poor man is ill-equipped to have to litigate against an experienced and well-funded law firm in the first instance, let alone to then also have to fend off sanctions and a fine being potentially imposed upon him by two (2) highly intelligent and accomplished judges as well.