UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X  Civil Case No.:
Ramon Morales and Tony A. Gerges,                                        18-cv-03734-DLI-TAM

                                 Plaintiffs,        [PROPOSED] CIVIL
                                                                                                                                                                       PRETRIAL ORDER]

                                                                                                             [DEFENDANT STEVEN
                           -against-                                                       NATALE'S SECTIONS
                                                                                                                 ONLY]

Fourth Avenue Bagel Boy, Inc. d/b/a Steve's Bagels and Steven
Natale,

                                                                 Defendants.
-----------------------------------------------------------------------X

To:    The HON. DORA L. IRIZARRY, U.S. District Judge:

<u>Introduction</u>

       Defendant, Steven Natale ("Natale" or "Defendant")[1] only, hereby submits the following (i.e., the content from the first heading, in bold font, forward), as and for his proposed Joint Pretrial Order ("JPTO"). Natale objects to the false contentions of Plaintiff, Ramon Morales ("Morales" or "Plaintiff"), that the matters set forth in Morales' JPTO have been agreed to by counsel. In fact, the parties never met or conferred at all with respect to the JPTO), despite Natale's attempts to do so, which attempts were thwarted by Morales' counsel. Indeed, Natale asked Morales' counsel for the documents supporting his proposed JPTO, and there was no

---

[1] But not his corporate co-defendant. This document was drafted with the assistance of Natale's limited attorney to whom Natale dictated the contents thereof. Plaintiff Tony Gerges has withdrawn/been dismissed from the case.

response to said request, which severely hampered Natale's ability to respond to Plaintiff's proposed JPTO, and likewise hampered Natale's ability to draft his portion of same.

Thus, nothing about this JPTO is consented to, and the following is submitted only on behalf of Natale, and not on behalf of Plaintiff. Furthermore, due to the foregoing, Morales' JPTO should be disregarded or stricken, and his Complaint dismissed as a result thereof. Alternately, the Court should permit Defendant to amend the JPTO once Plaintiff does provide the requested documents.[2] However, if there is to nonetheless to be a trial in this matter, only the following should be hereby Ordered, and Defendant hereby objects to any and all portions of Plaintiff's JPTO that are not in accordance with the following:

**DEFENDANT NATALE'S PROPOSED JPTO (NOT ON CONSENT)**

I.  Trial Counsel

At this time, Natale remains a *pro se* litigant (with limited assistance of counsel); however, he will exercise reasonable efforts to secure trial counsel, and keep the Court apprised of same.

Steven Natale
29 70th Street
Brooklyn, NY 11209
Ph: 917-319-3870
sbaker850@aol.com
Defendant does not have a facsimile number.

---

[2] Natale hereby reserves the right to prosecute a motion seeking this relief and such other related relief.

II. <u>Subject Matter Jurisdiction</u>

<u>Defendant's Position</u>

Defendant's position is that Plaintiff's claims are all essentially meritless. As to any alleged failure to provide wage statements, to the extent Defendant allegedly failed to do so, Defendant was apparently unable to do so due to Plaintiff's undocumented status, and Plaintiff's failure to have a social security number and/or tax identification number. Defendant contends that Plaintiff was paid more than minimum wage during the period(s) in question and did not work overtime during the period(s) in question. In addition, the Court is respectfully referred to any and all denials and defenses raised in Defendant's answer dated September 29, 2018 (Dkt. No. 18) and in the next paragraph.[3] As a general matter, courts do not have jurisdiction over complaints which fail to state a claim upon which relief can be granted, a defense which can be raised at any time.

III. <u>Claims and Defenses</u>

<u>Defendant's Position</u>

Defendant's position is that Plaintiff's claims are all essentially meritless. As to any alleged failure to provide wage statements, to the extent Defendant allegedly failed to do so, Defendant was apparently unable to do so due to Plaintiff's undocumented status, and Plaintiff's failure to have a social security number and/or tax identification number. Defendant contends that Plaintiff was paid more than minimum wage during the period(s) in question, and that Plaintiff did not work overtime during the period(s) in question. In addition, the Court is

---

[3] As a courtesy to the Court, Defendant refrained from repetitiveness.

respectfully referred to any and all denials and defenses raised in Defendant's answer dated September 29, 2018 (Dkt. No. 18)[4] including, but not limited the following defenses: (i) that the Complaint, in whole or in part, fails to state a claim upon which relief may be granted; (ii) that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations; (iii) that Natale, at all times, acted in good faith and in conformity with, and reliance upon, all applicable federal and state laws; (iv) that Natale did not intentionally or willfully violate any law; (v) that Defendants are not "joint employers", nor is the individual defendant an "employer" within the meaning of the Fair Labor Standards Act or the New York Labor Law: (vi) that Plaintiff Ramon Morales was never an employee/legal employee of Defendant to be entitled to any relief, and that any and all work, if any, was limited in nature and was done as an independent contractor; (vii) that Defendant Natale was never an enterprise engaged in commerce or in the production of goods for commerce, whose annual gross volume of sales made or business done was greater than $500,000, exclusive of excise taxes at the retail level; (viii) that Defendant Natale was never an individual engaged in commerce or in the production of goods for commerce, whose annual gross volume of sales made or business done was greater than $500,000, exclusive of excise taxes at the retail level; (ix) that Defendant Natale was never engaged in interstate commerce; specifically Natale once ran a bagel shop in Brooklyn at a specific fixed storefront location, and in connection therewith there was and is no movement of persons or things in interstate commerce, and there is no use of any instrumentalities of interstate commerce; (x) that Plaintiff was paid proper wages for any and all hours worked; (xi) that Defendant had no knowledge of,

---

[4] Except those related to dismissed Plaintiff, Tony Gerges.

nor should they have had knowledge of, any alleged uncompensated work by Plaintiff as set forth in the Complaint, and Defendant did not authorize, require, request, suffer, or permit such activity by Plaintiff; (xii) that Plaintiff's claims for penalties, legal fees, expert fees, liquidated damages, enhancement to damages, wage theft and claims for unjust enrichment are barred, in whole or in part, because Defendant at all times acted in good faith to comply with federal and state law, with reasonable grounds to believe they did not violate any federal or state law; (xiii) that Plaintiff cannot show that Defendant had actual or constructive knowledge of overtime worked because Plaintiff did not work overtime; (xiv) that Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimus non curat lex* ("the law does not care about the smallest things); (xv) that the claims asserted in the Complaint, in whole or in part, are barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

In addition, Defendant was merely a W-2 employee of his co-defendant and is thus not liable to Plaintiff under the claims and statutes asserted. Defendant will rely upon any and all further defenses that become available or appear during discovery or the proceedings in this action. Defendant reserves the right to raise any or all of these defenses at trial, in whole or in part.

IV.     Jury/Non-Jury and Length of Trial

Defendant's Position

Defendant adamantly <u>objects</u> to a non-jury trial, and hereby demands his constitutional right to a jury trial on all of Plaintiff's causes of action and claims, and Defendant's defenses, with respect to which he has a right to a jury trial. Defendant estimates two (2) - three (3) days for jury selection, and three (3) to four (4) days for trial.

5

V.     Consent to Trial Before the Magistrate Judge

The parties have absolutely <u>not</u> consented to a trial of this case before the Magistrate Judge and, as noted above, in the previous paragraph, Defendant is demanding a <u>jury trial</u>. Defendant notes that, in Plaintiff's proposed JPTO, the Plaintiff does not even state whether or not the parties consented to a trial before the Magistrate; thus, the Plaintiff should additionally be deemed to have waived the right to a non-jury trial, aside from the fact the Natale is demanding a jury trial.

VI.    Stipulations of Fact and Law

At present, there are no such stipulations.

VII.   Witnesses

a.     Defendant's Position

Defendant respectfully refers the Court to Appendix "A" hereto for a list of Defendant's trial witnesses. Defendant reserves the right to elicit testimony from the listed witnesses regarding facts and issues in addition to those listed herein including, but not limited to, any and all facts and issues contrary to Plaintiff's claims and any and all facts issues which are supportive of Defendant's defenses and/or his defense case in chief. Defendant further states that any additional persons identified in discovery may be called upon by Defendant at trial (a) as part of his defense(s) and/or to testify about various facts and issues, (b) to authenticate documents, (c) to testify as rebuttal/impeachment witnesses, and/or (d) to address any issues raised at trial.

Defendant reserves the right to raise objections to Plaintiff's proposed trial witnesses and their proposed or intended trial testimony (a) under the Federal Rules of Evidence, the Federal Rules of Civil Procedure and/or other grounds, (b) through motions in limine, and (c) at trial.

Defendant also reserves all rights to call to testify at trial any person listed as a witness by Plaintiff.

b.      <u>Defendant's Objections to Plaintiff's Witnesses</u>

Defendant objects to Plaintiff's witness, <u>William Martinez</u>, on the ground that Plaintiff has not provided sufficient identifying information for this witness, and Defendant does not know who this witness is, or how this witness allegedly has knowledge of him, or his employment, or the business operations at the subject store.

VIII.    <u>Exhibits</u>

<u>Defendant's Position</u>

Due to Defendant's failure to provide documents as aforesaid (*see* section titled, "Introduction", at p.1, above), Defendant is not in a position to provide an Exhibit list at this time. If a trial is nonetheless going forward, despite Plaintiff's failure as aforesaid, Defendant reserves the right to supplement/amend this JPTO on this basis. Defendant reserves the right: (a) to introduce exhibits not listed herein for impeachment purposes or in rebuttal to the opposing party's evidence offered in the opposing party's case in chief; (b) to use charts, summaries and demonstrative exhibits; (c) to amend or supplement his list of witnesses and eventual list of exhibits following the Court's disposition of any motions in limine and reserves the right to add or remove witnesses/documents from his lists of witnesses/exhibits; (d) to request a limiting instruction with respect to any document admitted into evidence by any party, including without limitation that certain documents are admitted into evidence for limited purposes only, including without limitation for notice; (e) to offer into evidence part of an exhibit, rather than the entire exhibit; (f) not to offer one or more exhibits on his eventual exhibit

list into evidence and to remove such exhibits from that eventual list at any time, and (g) to object to Plaintiff's attempt to offer any exhibit into evidence including, without limitation, objecting to Plaintiff seeking to offer any documents/materials included on Plaintiff's list of trial exhibits. Defendant reserves the right to raise objections to proposed trial exhibits (a) under the Federal Rules of Evidence, the Federal Rules of Civil Procedure and/or other grounds, (b) through motions in limine, and (c) at trial. Defendant also reserves the right to rely on Plaintiff's exhibits where applicable as supportive of his defense(s).

## **RESERVATIONS OF RIGHTS**

Defendant hereby reserves all rights to supplement/amend this document at any time for any reason.

DATED: Brooklyn, New York

_____, 2022

_____
HON. DORA L. IRIZARRY
United States District Judge

# APPENDIX A

DEFENDANT'S TRIAL WITNESSES

1.      <u>Ramon Morales</u> (contact through Plaintiff's counsel): Plaintiff to be examined or cross-examined at trial including, but not limited to, as to all claims, issues, liability, allegations of damages, and/or defenses.

2.      <u>Steven Natale</u> (29 70th Street, Brooklyn, New York 11209, sbaker850@aol.com): Defendant to be examined or cross-examined at trial including, but not limited to, as to all claims, issues, liability, allegations of damages, and/or defenses.

3.      <u>Abdulhak Salsali</u> (714 56th Street D2, Brooklyn NY 11220): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

4.      <u>Adrian Solis</u> (423 Bay Ridge Avenue, Apt. 3-R, Brooklyn, New York 11220): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

5.      <u>William Leon</u> (6810 Fourth Ave Apt 2, Brooklyn, NY 11220): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

6.      <u>Chris Varveris</u> (S.A.V.E. Associates, 7722 5th Avenue, Brooklyn, New York 11209, save7722@msn.com): Defendant's accountant, expected to testify regarding Defendant's tax and financial records and related issues including, but not limited to, the employee circumstances at the subject store.  In addition, Defendant intends to call this witness as an expert witness for any and all issues/evidence that are/is beyond the ken of the jury, or for any and all issues/evidence for which expert testimony is required/allowed.

7.      <u>Gloria Bolino</u> (customer of the subject store for 25 years)(718-619-5459): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

8.      <u>James LoBiondo</u> (customer of the subject store): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

9.	Danny Hernandez (customer of the subject store)(929-478-9595):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

10.	Mohamed Makhlouf (customer of the subject store): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

11.	Nasir Bensaud (customer of the subject store)(929-329-7777):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

12.	David McGrath (customer of the subject store for 25 years)(718-419-7709):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

13.	Moorad Asimahmood (past employee at the subject store):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

14.	Steven Natale, Jr. (Defendant's son and employee at the subject store)(460 Ovington Avenue, Brooklyn, NY 11209):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

15.	John Manna (past employee at the subject store)(917-709-9066): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

16.	Daryl Natale (Defendant's daughter and employee at the subject store)(1854 73rd Avenue, Brooklyn, NY 11204): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's alleged employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

17.	Louis Delgado (employee at the subject store)(917-755-9483):  Witness expected to testify regarding, among other items, the subject store's business and business operations;

Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

18.     <u>Destiny Hansen</u> (customer at the subject store)(718-908-1712): Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

19.     <u>Anthony Chulengarian</u> (landlord of the subject store; customer of the subject store)(718-745-1556):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

20.     <u>Henry Urena</u> (employee at the subject store)(917-834-9351):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.

21.     <u>Daniel Paris</u> (mentioned in Plaintiff's exhibit list)(former employee at store)(347-451-8223):  Witness expected to testify regarding, among other items, the subject store's business and business operations; Plaintiff's <u>alleged</u> employment, work schedules, and payment circumstances; Defendant's defenses, and related issues.