# ANTHONY V. GENTILE, ESQ.
6648 Ridge Boulevard
Brooklyn, New York 11220
718-492-1444
anthonyvgentile_esq@yahoo.com

---

November 14, 2022

*Via efiling*

Hon. Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:** *Morales v. Fourth Avenue Bagel Boy, Inc. et al.  1:18-cv-03734-DLI-TAM.*
     *Letter motion of defendant, Steven Natale, and his counsel, for a sealing Order.*

Hon. Judge Irizarry:

I am an attorney duly admitted to practice in this Honorable Court, and I write on behalf of defendant herein, Steven Natale ("Natale"), and myself, in this wage dispute claim brought pursuant to the FLSA.[1]  More specifically, we write to request a sealing Order as more fully set forth below.

By virtue of this instant letter motion, and generally pursuant to the sealing provisions of the "cm/ECF User's Guide" for the Eastern District (*see, e.g.*, p, 16 thereof), we respectfully move for, and request, a sealing Order <u>sealing</u> the following documents, items and/or text *nunc pro tunc*:[2]

  (i) this Court's Docket Text Order dated October 31, 2022, and titled, "ORDER ADJOURNING STATUS CONFERENCE AND STATUS REPORT ORDER"; and,

  (ii) any and all emails exchanged between your undersigned and this Court from and including October 25, 2022 through and including October 29, 2022.[3]

---

[1] Your undersigned assumes the Court's knowledge of the history and substance of this case.

[2] Here, because the items requested to be sealed have already been published by and/or submitted to the Court, your undersigned is using the ECF "Motion to File Under Seal" method.  For the upcoming November 18, 2022 letter, which your undersigned is mandated to file, he will instead follow the procedure set forth in section I-H of Your Honor's Individual Motion Rules of Practice.

[3] Said emails were exchanged directly between your undersigned and Courtroom Deputy/Case Manager, Christy Carosella ("Deputy Carosella"), and your undersigned has every reason to believe that said emails were forwarded to Your Honor.

We sincerely and fully acknowledge and understand the existence and importance of the presumption favoring publication of, and public access to, court documents. We also fully understand and acknowledge the very important reasons for, and societal benefit of, this presumption.[4] However, we respectfully submit that said presumption, albeit strong, is nonetheless overcome or rebutted in this case, under these particular circumstances, for the following seven (7) distinct and separate reasons, each one equally important as the other:

(i) the documents, items and/or text sought to be sealed do not concern a matter of public importance, meaning the Order at issue and the underlying emails do not involve a decision that advances the law in any meaningful way in this district or beyond; rather, said Order and emails merely involve a pedestrian scheduling matter that is relevant only to the litigants in this case and their attorneys;

(ii) the documents, items and/or text sought to be sealed do not involve the subject matter or merits of the instant case whatsoever;

(iii) the documents, items and/or text sought to be sealed includes personal, sensitive and confidential information of a single individual who is not even a litigant to the case;

(iv) the documents, items and/or text sought to be sealed includes information that would likely be restricted from disclosure under the federal HIPAA laws and rules;

(v) there is case law support for this application;

(vi) your undersigned was very recently granted a sealing Order in a different case under circumstances virtually identical to those at bar in this Court; and,

(vii) your undersigned had an express agreement/arrangement with Deputy Carosella wherein it was understood, and directed by the Court, that your undersigned would be prosecuting an application <u>under seal</u> regarding the now adjourned November 3, 2022 court appearance, and the aforesaid October 31, 2022 Order has had the unwanted effect of completely nullifying the very purpose of said arrangement/agreement.

As to items (i) to (iv), immediately above, said items speak for themselves. As to item (v), immediately above, the Court is respectfully referred to the following two (2) cases as persuasive authority. *Annexstein v. Inzerilli*, 2012 WL 526647 (U.S. Dist. Ct., EDNY February 16, 2012) (wherein the court sealed documents containing sensitive and confidential information);[5] and *In re Zyprexa Injunction*, 474 F.Supp.2d 385, 391 (U.S. Dist. Ct., EDNY February 13, 2007) (taking judicial notice of voluminous sealed documents in that case concerning sensitive and confidential information).

As to item (vi), above, Your Honor is respectfully referred to (as persuasive authority), the Order of the Honorable Gregory H. Woods, DCJ, dated October 31, 2022, in the matter of *Catania et al v. United Federation of Teachers et al,* 1:21-cv-01257-GHW-JW (SDNY). *See* Docket No. 94 (based on your undersigned's letter application dated October 30, 2022 at Docket No. 93).

---

[4] Indeed, your undersigned has previously litigated the sealing issue on several occasions in federal district court.
[5] *See* \*3 and n. 1.

As to item (vii), above, it too speaks for itself. Your undersigned would add only the aforesaid October 31, 2022 Order took your undersigned quite by surprise and, but for the reasons expressed in the aforesaid emails, he would have addressed this sealing situation much sooner than today.

Prior to efiling this application, your undersigned contacted Plaintiff's counsel to determine whether he consented to or objected to said application. To date, your undersigned has not received a response to said query.

Wherefore, for all the foregoing reasons, we respectfully request and pray that the Court issue a sealing Order, sealing the subject documents, etc., as set forth on page one (1), above. Thank you.

Sincerely and respectfully submitted,

*/s/ Anthony V. Gentile*

Anthony V. Gentile (AG6065)
*Attorney for Defendant, Steven Natale*

Cc: All ECF registrants in this case.